1  McGREGOR W. SCOTT
   United States Attorney
2  AUDREY B. HEMESATH
   HEIKO P. COPPOLA
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  CHRISTOPHER J. SMITH
   Acting Associate Director
7  JOHN RIESENBERG
   Trial Attorney
8  Office of International Affairs
   Criminal Division
9  U.S. Department of Justice
10 1301 New York Avenue NW
   Washington, D.C. 20530
11 Telephone: (202) 514-0000

12

13 Attorneys for Plaintiff
   United States of America

**FILED**

AUG 14 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

**SEALED**

14

15  IN THE UNITED STATES DISTRICT COURT

16  EASTERN DISTRICT OF CALIFORNIA

17  IN THE MATTER OF THE EXTRADITION      CASE NO. **2:18-MJ-0152**  **EFB**
    OF OMAR ABDULSATTAR AMEEN
18  TO THE REPUBLIC OF IRAQ

19                                        **UNDER SEAL**

20

21

22                          **COMPLAINT**

23                      **(18 U.S.C. § 3184)**

24      I, the undersigned Assistant United States Attorney, being duly sworn, state on information and

25  belief that the following is true and correct:

26      1.      In this matter, I represent the United States in fulfilling its treaty obligations to the

27  Republic of Iraq.

28      2.      There is an extradition treaty in force between the United States and Iraq, Extradition

Treaty Between the United States of America and Iraq, U.S.-Iraq, June 7, 1934, 49 Stat. 3380 (the "Treaty").

3. Pursuant to the Treaty, the Government of Iraq has submitted a formal request through diplomatic channels for the extradition of **OMAR ABDULSATTAR AMEEN** ("Ameen").

4. According to the information provided by the Government of Iraq, Ameen has been charged with premeditated murder, in violation of Article 406 in the Iraqi Penal Code No. 111 of 1969.

5. Ameen is accused of committing this offense within the jurisdiction of Iraq. A judge of the Baghdad Federal Al-Karkh Appellate Court issued a warrant for Ameen's arrest on May 16, 2018.

6. The warrant issued on the basis of the following facts:

   a. On or about June 21, 2014, the terrorist organization Islamic State of Iraq and ash-Sham ("ISIS") entered the Rawah District of Al-Anbar Province, Iraq and seized control, erecting checkpoints and preventing citizens from entering or leaving the District.

   b. On or about June 22, 2014, at around 7:00 p.m., a four-vehicle ISIS convoy comprised of several individuals, including Ameen, arrived at the residence of the victim. Members of the convoy opened fire. In response to the attack on his home, the victim returned fire with his Kalashnikov rifle.

   c. Ameen then fired his weapon at the victim while the victim was on the ground. A death certificate issued by the Rawah hospital confirms the victim's death by gunshot to the chest.

   d. ISIS announced the killing via a post on social media.

   e. A witness to the murder identified Ameen as the person who killed the victim by reference to a photograph of Ameen.

7. Ameen may be found within the jurisdiction of this Court at 3111 Eastern Ave, Apt 26, Sacramento, California 95821.

8. Tom Heinemann, an attorney in the Office of the Legal Adviser of the U.S. Department of State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty, stating that the offense for which extradition is sought is provided for by the Treaty, and confirming that the documents

Complaint

supporting the request for extradition are properly certified by the principal U.S. diplomatic or consular officer in Iraq, in accordance with 18 U.S.C. § 3190, so as to enable them to be received into evidence.

9. The declaration from the U.S. Department of State with its attachments, including a copy of the diplomatic note from Iraq, a copy of the Treaty, and the certified documents submitted in support of the request, (marked collectively as Extradition Packet, Government's Exhibit 1) are filed with this Complaint and incorporated by reference herein. Also filed with this Complaint is a redacted version of the Extradition Packet (Government's Exhibit 2) that is contemplated to be filed on the public docket upon the unsealing of the Arrest Warrant and Complaint.

10. Ameen would be likely to flee if he learned of the existence of a warrant for his arrest. Accordingly, the United States requests that this Complaint and Arrest Warrant remain sealed until such time as the warrant is executed.

WHEREFORE, the undersigned requests that a warrant for the arrest of the **OMAR ABDULSATTAR AMEEN** be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Iraq, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered and that this Complaint, the Warrant, the Extradition Packet, and the Redacted Extradition Packet be placed under the seal of the Court until such time as the warrant is executed.

Dated: August 14, 2018

McGREGOR W. SCOTT
United States Attorney

By: _____
AUDREY B. HEMESATH
Assistant United States Attorney

//
//
//
//
//

1      Sworn to before me and subscribed in my presence this 14th day of August, 2018, AND A

2  WARRANT SHALL ISSUE.

3

4                      The Honorable Edmund F. Brennan

5                      UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Government's Exhibit 1**

**UNDER SEAL, Copy on File in Chambers of Judge Brennan**

**Government's Exhibit 2**

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

...ify That Tom Heinemann, whose name is subscribed to the document hereunto annexed, was
...e of subscribing the same Attorney Adviser, Office of the Legal Adviser, Department of
...ted States of America, and that full faith and credit are due to his acts as such.

*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State,
have hereunto caused the seal of the Department of State to be
affixed and my name subscribed by the Assistant Authentication
Officer, of the said Department, at the city of Washington, in the
District of Columbia, this twenty-sixth day of July, 2018.

*Michael R. Pompeo*

Secretary of State

By

Assistant Authentication Officer,
Department of State

Issued p... to CHXIV...
Sept. 15... Stat. 68...
USC 263... SC 2651a;...
301; 28... 3 et. seq.;...
1443(f);... Federal R...
Civil Pro...

000001

DISTRICT OF COLUMBIA, §s:

## DECLARATION OF TOM HEINEMANN

I, Tom Heinemann, declare and say as follows:

1. I am the Assistant Legal Adviser for the Office of Law Enforcement and Intelligence in the Office of the Legal Adviser for the Department of State, Washington, D.C. This office has responsibility for extradition requests, and I am charged with the extradition case of Omar Abdulsattar Ameen Husayn al-Rawi. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and Iraq, the Embassy of the Republic of Iraq has submitted Diplomatic Note number EMB-2018-045, dated July 6, 2018, requesting the extradition of Omar Abdulsattar Ameen Husayn al-Rawi. A copy of the diplomatic note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and Iraq are found in the Extradition Treaty between the Kingdom of Iraq and the Republic of the United States of America, signed June 7, 1934 (the "Treaty"). A copy of the Treaty is attached to this declaration.

4. The offense for which extradition is sought is covered by Article II of the Treaty.

6. In accordance with Article XII of the Treaty, the Government of the United States provides legal representation in the United States courts for Iraq in its extradition requests, and Iraq provides legal representation in its courts for extradition requests made by the United States.

7. The documents submitted by the Government of the Republic of Iraq in support of its extradition request were certified on July 18, 2018, by Douglas A. Silliman, Ambassador of the United States to Iraq, in accordance with Title 18, United States Code, Section 3190. Ambassador Silliman, at the time of his certification, was the principal diplomatic officer of the United States in the Republic of Iraq.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 25th, 2018.

TOM HEINEMANN

Attachments:
 1. Copy of Note
 2. Copy of Treaty



سفارة جمهورية العـــراق
بالبوثـــــــانى كوــــــــارى عنـــــراق
EMBASSY OF THE REPUBLIC OF IRAQ

واشنطـن
WASHINGTON

2018 JUL 11 A 8: 41

EMB-2018-045

The Embassy of the Republic of Iraq in Washington DC presents its compliments to the United States Department of State, Office of the Legal Adviser and has the honor to enclose the extradition case file of Omar Abdulsattar Ameen Husayn al-Rawi, and requesting the kind assistance of the US competent authorities in the extradition of the above-mentioned in question to stand trial.

The Embassy of the Republic of Iraq avails itself of this opportunity to renew to the US Department of State, Office of the Legal Adviser the assurances of its highest consideration.

July 6, 2018
Washington D.C.



US Department of States
Office of the Legal Advisor
Washington D.C.


3421 Massachusetts Ave. NW
Washington, DC 20007

www.mofa.gov.iq
wasemb@mofa.gov.iq

Tel.: +2027421600
Fax: +2025078574

TREATY SERIES, No. 907

# EXTRADITION

### TREATY
### BETWEEN THE UNITED STATES OF AMERICA
### AND IRAQ

Signed at Baghdad, June 7, 1934.
Ratification advised by the Senate of the United States, February 6, 1935.
Ratified by the President of the United States, February 25, 1935.
Ratified by Iraq, April 22, 1936.
Ratifications exchanged at Baghdad, April 23, 1936.
Proclaimed by the President of the United States, April 28, 1936.



UNITED STATES

GOVERNMENT PRINTING OFFICE

WASHINGTON : 1936

For sale by the Superintendent of Documents, Washington, D. C. - - - - - - - - - Price 5 cents

## A PROCLAMATION.

WHEREAS an Extradition Treaty between the United States of America and the Kingdom of Iraq was concluded and signed by their respective Plenipotentiaries at Baghdad, on the seventh day of June, one thousand nine hundred and thirty-four, the original of which Extradition Treaty, being in the English and Arabic languages is word for word as follows:

### EXTRADITION TREATY BETWEEN THE KINGDOM OF IRAQ AND THE REPUBLIC OF THE UNITED STATES OF AMERICA.

The President of the United States of America on the one part and His Majesty the King of Iraq on the other part

Being desirous to conclude a Treaty for the extradition of criminals, have appointed the following Plenipotentiaries:

The President of the United States of America:
Paul Knabenshue, Minister Resident of the United States of America in Baghdad

His Majesty the King of Iraq:
His Excellency Doctor Abdullah Beg al Damluji, Minister for Foreign Affairs,

Who, after having communicated to each other their respective full powers, found in good and due form, have agreed upon the following articles:

### ARTICLE I

Agreement has been reached between the High Contracting Parties to deliver up to each other reciprocally, upon mutual requisition duly made pursuant to the provisions of this Treaty, any person charged with or convicted of any of the crimes specified in Article II of this Treaty committed within the jurisdiction of one of the High Contracting Parties while said person was actually within such jurisdiction when committing the crime and who shall be found within the territories of the other High Contracting Party, provided that such surrender shall take place only in the following circumstances:

(a) When the person whose surrender is requested is charged with a crime, provided there shall be produced sufficient evidence, according to the laws of the country where that person is found, to justify his apprehension and commitment for trial if the crime had been there committed.

(*b*) When the person whose surrender is requested has been duly convicted, and when sufficient evidence is produced to prove that the said person is actually the person convicted.

## ARTICLE II

Persons shall be delivered up according to the provisions of this Treaty, who shall have been charged with or convicted of any of the following crimes if they are punishable by the laws of both countries:

1. Murder, including parricide, assassination, willful murder with premeditation, manslaughter when committed voluntarily by the perpetrator, and also the crimes of poisoning or infanticide.
2. The attempt to commit murder.
3. Rape, abortion, carnal knowledge of children under the age of 12 years.
4. Illegal polygamy.
5. Arson.
6. Any malicious act done with intent to endanger the safety of persons traveling or being on railroads.
7. Crimes committed at sea:

    (*a*) Piracy, as commonly known and defined by the law of nations, or by statute;

    (*b*) Willfully sinking or destroying vessels at sea or attempting to do so;

    (*c*) Mutiny or conspiracy by two or more members of the crew or other persons on board of a vessel on the high seas for the purpose of rebelling against the authority of the captain or commander of such vessel, or by fraud or violence taking possession of such vessel;

    (*d*) Assault on board ships with intent to do bodily harm.

8. Burglary, defined to be the act of breaking into and entering the house of another in the night with intent to commit a felony therein.
9. The act of breaking into and entering into the offices of the Government and public authorities, or the offices of banks, banking houses, savings banks, trust companies, insurance companies, or other buildings not dwellings with intent to commit a felony therein.
10. Robbery, defined to be the act of feloniously and forcibly or unlawfully taking from the person of another, goods or money by violence or by putting him in fear.
11. Forgery or the utterance or the use of anything forged.
12. The forgery or falsification of the official acts of the Government or public authority, including courts of justice, or the uttering or fraudulent use of the same.
13. The fabrication of counterfeit money, whether coin or paper, counterfeit titles or coupons of public debt, created by national, state, provincial, territorial, local, or municipal governments, banknotes or other instruments of public credit; also counterfeit seals, stamps, dies, and marks of state or public administrations, and the utterance, circulation, or fraudulent use of the above mentioned objects.
14. Embezzlement and malversation committed within the jurisdiction of one or the other High Contracting Party by public officials

or depositaries, where the amount embezzled exceeds one hundred and fifty American Dollars or forty Iraq Dinars.

15. Embezzlement by persons hired, salaried, or employed, to the detriment of their employers or principals, and where the amount embezzled exceeds one hundred and fifty American Dollars or forty Iraq Dinars.

16. Kidnapping of minors or adults, defined to be the abduction or detention of a person or persons, in order to exact money from them or their families, or for any other unlawful end.

17. Larceny, defined to be the theft of effects, personal property, or money, exceeding in value one hundred and fifty American Dollars or forty Iraq Dinars.

18. Obtaining money, valuable securities or other property by false pretenses or receiving any money, valuable securities or other property knowing the same to have been unlawfully obtained, where the amount of money or the value of the property so obtained or received exceeds one hundred and fifty American Dollars or forty Iraq Dinars.

19. Perjury or subornation of perjury.

20. Fraud or breach of trust by a bailee, banker, agent, factor, trustee, executor, administrator, guardian, director, or official of any company or corporation, or by anyone in any fiduciary position, where the amount of money or the value of the property misappropriated exceeds one hundred and fifty American Dollars or forty Iraq Dinars.

21. Bribery.

22. Crimes punishable by the bankruptcy laws.

23. Crimes punishable by the laws for the suppression of the traffic in narcotics.

24. Crimes punishable by the laws for the suppression of slavery and slave trading.

25. Extradition shall also take place for participation in any of the aforesaid offences as an accessory before or after the fact, provided such participation be punishable by imprisonment by the laws of both High Contracting Parties even though after the fact it may be a crime within itself and known by a particular name in the laws of either of the Contracting States.

### Article III

The provisions of this Treaty shall not import claim of extradition for crimes of a political character nor for acts connected with such crimes; and no person surrendered by or to either of the High Contracting Parties in virtue of this Treaty shall be tried or punished for a political crime. When the crime charged comprises the act either of murder or assassination or of poisoning, either consummated or attempted, the fact that the crime was committed or attempted against the life of the sovereign or head of a foreign state or against the life of any member of his family, shall not be deemed sufficient to sustain that such a crime was of a political character, or was an act connected with crimes of a political character.

### ARTICLE IV

No person surrendered shall be tried for any crime other than that for which he was surrendered without the consent of the surrendering High Contracting Party, unless he has been at liberty to leave the country one month after the date of his trial, or, in case of conviction, after having suffered his punishment or having been pardoned.

This Article shall not be applicable to crimes committed after the surrender.

### ARTICLE V

A fugitive criminal shall not be surrendered under the provisions of this Treaty, when from lapse of time or other lawful cause, according to the laws of the place within the jurisdiction of which the crime was committed, the criminal is exempt from prosecution or punishment for the crime for which the surrender is asked.

### ARTICLE VI

If a fugitive criminal whose surrender is claimed pursuant to the stipulations of this Treaty, be actually under prosecution, out on bail or in custody, for a crime committed in the country where he has sought asylum, or shall have been convicted thereof, his extradition may be deferred until such proceedings be determined, and until he shall have been set at liberty in due course of law.

### ARTICLE VII

If a fugitive criminal claimed by one of the High Contracting Parties shall be also claimed by one or more powers pursuant to Treaty provisions, on account of crime committed within their jurisdiction, such criminal shall be delivered to that state whose demand is first received unless that state shall have abandoned its claim.

### ARTICLE VIII

Under the stipulations of this Treaty, neither of the High Contracting Parties shall be bound to deliver up its own citizens.

### ARTICLE IX

The expense of the arrest of the person claimed, also the expense of his detention, examination and transportation shall be paid by the state which has preferred the demand for extradition.

### ARTICLE X

Everything found in the possession of the fugitive criminal at the time of his arrest, whether being the proceeds of the crime, or which may be material as evidence in making proof of the crime, shall, so far as practicable, according to the laws of the High Contracting Parties, be delivered up with his person at the time of the surrender. Nevertheless, the rights of a third party with regard to the articles aforesaid shall be duly respected.

## ARTICLE XI

The stipulations of this Treaty shall be applicable to all territory wherever situated, belonging to either of the High Contracting Parties or in the occupancy and under the control of either of them, during such occupancy or control.

Requisitions for the surrender of fugitive criminals from justice pursuant to the stipulations of this Treaty shall be made by diplomatic intercourse.

The arrest of the fugitive criminal shall be brought about in accordance with the laws of the country to which the request is made, and if, after an examination, it shall be decided, according to the law and evidence, that extradition is due pursuant to this Treaty, the fugitive criminal shall be surrendered according to the forms of law prescribed in such cases.

The person provisionally arrested shall be released, unless within three months from the date of arrest in Iraq, or from the date of commitment in the United States of America, the formal requisition for surrender with the documentary proofs hereinafter prescribed be made as aforesaid.

If the fugitive criminal shall have been convicted of the crime for which his surrender is asked, a copy of the sentence of the court before which such conviction took place, duly authenticated, shall be produced.

If, however, the fugitive criminal is merely charged with crime, a duly authenticated copy of the warrant of arrest in the country where the crime was committed, and copies of the depositions upon which such warrant may have been issued, shall be produced, with such other evidence or proof as may be deemed competent in the case.

For the purpose of this Treaty, judgment in default shall not be considered as conviction but the person so convicted may be considered merely as charged with the crime.

## ARTICLE XII

If a request is made by either of the High Contracting Parties for the arrest, detention or extradition of fugitive criminals, the appropriate legal officials of the country where the proceedings of extradition are held, shall assist the officials of the High Contracting Party demanding the extradition before the appropriate judges and magistrates, by every legal means within their power; and no claim for compensation for the services so rendered shall be made against the High Contracting Party demanding the extradition; provided, however, that any official or officials of the surrendering High Contracting Party so giving assistance who shall, in the course of their duty, receive no salary or compensation other than specific fees for services performed, the High Contracting Party demanding the extradition shall pay such official or officials the customary fees for the acts or services performed by them, in the same manner and to the same amount as though such acts or services had been performed in ordinary criminal proceedings under the laws of the country of which they are officials.

### Article XIII

This Treaty shall be ratified by the High Contracting Parties in accordance with their respective constitutional methods and shall take effect from the day of the exchange of the ratifications thereof; but either High Contracting Party may at any time terminate the Treaty on giving to the other six months' notice of its intention to do so.

The ratification of the present Treaty shall be exchanged at Baghdad as soon as possible.

In witness whereof the respective Plenipotentiaries have signed this Treaty, and have hereunto affixed their seals.

Done in duplicate in Arabic and English, of which in the case of divergence, the English text shall prevail, at Baghdad this seventh day of June, 1934 corresponding with the twenty-fourth day of Safar, 1353 Hijrah.

Abdullah al Damluji
[Signature in Arabic]

[seal]

Paul Knabenshue

[seal]

AND WHEREAS the said Extradition Treaty has been duly ratified on both parts, and the ratifications of the two Governments were exchanged in the City of Baghdad, on the twenty-third day of April, one thousand nine hundred and thirty-six;

Now, THEREFORE, be it known that I, Franklin D. Roosevelt, President of the United States of America, have caused the said Extradition Treaty to be made public, to the end that the same and every article and clause thereof may be observed and fulfilled with good faith by the United States of America and the citizens thereof.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this twenty-eighth day of April, in the year of our Lord one thousand nine hundred and [SEAL] thirty-six, and of the Independence of the United States of America the one hundred and sixtieth.

FRANKLIN D ROOSEVELT

By the President:
   CORDELL HULL
    *Secretary of State.*

O



سفــارة جـمـهـوريـة الـعـراق
بالبوزخــــــــانەی کۆمـــــــاری عیــــــراق
EMBASSY OF THE REPUBLIC OF IRAQ

**L/LEI**

واسـبـطـن
WASHINGTON

**DEPARTMENT OF STATE.**

EMB-2018-045

The Embassy of the Republic of Iraq in Washington DC presents its compliments to the United States Department of State, Office of the Legal Adviser and has the honor to enclose the extradition case file of Omar Abdulsattar Ameen Husayn al-Rawi, and requesting the kind assistance of the US competent authorities in the extradition of the above-mentioned in question to stand trial.

The Embassy of the Republic of Iraq avails itself of this opportunity to renew to the US Department of State, Office of the Legal Adviser the assurances of its highest consideration.

July 6, 2018
Washington D.C.

US Department of States
Office of the Legal Advisor
Washington D.C.



342 Massachusetts Ave. N.W.
Washington, DC 20037

www.mofa.gov.iq

Tel : 2027421600
Fax : 2025078534

U.S. Department of State

# CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
# EVIDENCE ACCOMPANYING REQUISITIONS IN
# THE UNITED STATES FOR EXTRADITION
# AMERICAN FOREIGN SERVICE

U.S. Embassy Baghdad, Iraq     07-18-2018
Place and Date *(mm-dd-yyyy)*

I, _____ Douglas A. Silliman _____ , _____ Ambassador _____
Name                         Title

the United States of America at     the United States Embassy in Baghdad, Iraq

reby certify that the annexed papers, being     presented

y the Ministry of Foreign Affairs of the Republic of Iraq

pposed to be used upon an application for the extradition from the United States of America

mar Abdulsattar Ameen aka Omar Abdulsattar Ameen Husayn al Rawi

rged with the crime of     murder

ged to have been committed in     Iraq

roperly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

bunals of     Republic of Iraq

d by Title 18, United States Code, Section 3190.

ness whereof I hereunto sign my name and cause my seal of office to be affixed

_____ 18th _____ day of _____ July 2018 _____
Month and Year

Signature

_____ Douglas A. Silliman, Ambassador to Iraq _____
Type Name and Title of Certifying Officer
of the United States of America.

In the name of Allah the Merciful the Companionate



Republic of Iraq

Higher Judicial Council

Presidency of the Public Prosecution

Extradition Section

Number/S/2018 11516

6/4/2018

Very Urgent

Higher Judicial Council/General Relations and Legal Affairs Department

General Relations Section

Priority/The accused Iraqi (Omar Abdulsattar Ameen Husayn al-Rawi)

Greetings,

We attach for you herein the extradition file associated with the accused mentioned above. The file was brought to us along with the letter number (213) by Al-Karkh Inquiry Court, which specializes in terrorism cases, on 6/3/2018. We kindly request that you confirm receipt for the purpose of translating it to the English language, and then return it as soon as possible to us so we able to direct our procedures in accordance with the law.

With our appreciations

[5126/864]

Judge

Muwaffaq Mahmud Muhammad Salih

Chief Public Prosecutor

6/4/2018

[Signature]



6/4/2018

[Head of General Relations]

Attachments/Extradition file

Copy to//

- Al-Karkh Inquiry Court, which specializes in terrorism cases. Pointing to your letter above with appreciation.
- Ministry of the Interior/Arab and International Police Directorate/We attach herewith the information bulletin and the arrest warrant associated with the above mentioned accused to

1

prosecute him for the charge against him in accordance with the provisions of article (406/1/A) in the Iraqi Statute. We kindly request that you confirm receipt and inform us in case he is arrested, so we are able to direct our procedures in accordance with the law. With our appreciation.

Priority/ (3) Original copies of information bulletin and arrest warrant along with their attachments.

Supreme Judicial Council – Iraq – Baghdad

Tel – ███████████

E-mail ███████



In the name of Allah the Merciful the Companionate



Your Excellency the president of the High Judicial Council

Greetings,

Reference to the judicial order number (2063/office/2008) on 12/24/2008 AD.

Due to the extradition file's fulfilment of the conditions and standards associated with the accused. (Omar Abdulsattar Ameen Husayn al-Rawi), as stated in the eleventh article in the Legal and Judicial Agreement between Iraq and the United States of America and ratified by statute number 12 for the year 1936.

Please grant approval to certify it for the purpose of submitting it to the American judicial authorities by way of diplomatic channels to consider the matter of extraditing him to our authorities on the basis of the case in the request, which is in accordance with the provisions of article 406/1/A in the Iraqi Statute.

Please review and decide as you see fit.

Sincerely.



Judge [Signature]

Muwafaq Mahmud Muhammad Salih

Chief Public Prosecutor

6/4/2018

[Handwritten which states

"approved with appreciation"

[IL] 6/4/2018]

In the name of Allah the Merciful the Companionate

3

[Logo of the High Judicial Council]

Republic of Iraq                                    Number/2063/office/2008

Higher Judicial Council                                    Date: 12/24/2008

Office of the President of the Council

### Judicial Order

Based on the provisions of articles (360) and (361) in the Procedures of Criminal Trials, Number (23) for the year 1971, with the guidance of the seventh section of order (12) for the year 2004, followed by order number (Extradition/6500 on 11/4/2004, it is decided:

To grant the Chief Public Prosecutor the authority to certify the extradition files of the accused after our approval.

[Signature]

Madhat al-Mahmud                                    [Signature]

President of the High Judicial Council              12/24/2008

Copy to:

- Chief public prosecutor – his excellency the chief public prosecutor to please be aware with appreciation
- Foreign Ministry/ Legal department – please be aware with appreciation
- Ministry of the Interior/ Arab and International Police Department

Wafa'

Higher Judicial Council Iraq – Baghdad

Fax [redacted]

C-mail: [redacted]

E-mail [redacted]



4

In the name of Allah the Merciful the Companionate



Republic of Iraq                                                    Number: 213

High Judicial Council                                              Date: 6/3/2018

Presidency of Baghdad Appellate Court/Al-Karkh Federal            ((Service and Collection))

Al-Karkh Inquiry Court Specializing in Terrorism Cases

To/Chief Public Prosecutor / Extradition Section

Priority/ Extradition File

Greetings,

We send to you the extradition file with the information bulletin associated with the accused Iraqi national, (Omar Abdulsattar Ameen Husayn al-Rawi) pursuant to article (406/1/A) of the Iraq Statute. Please receive with appreciation

[Seal]

[Signature]                                    Higher Judicial Council

First Judge                          Presidency of Baghdad Al-Karkh Federal Appellate Court

Ammar Rashid Hamid                            Al-Karkh Inquiry Court

Specializing in Terrorism Cases

Outgoing

Attachments/

- Extradition file
- Information bulletin (3 copies)

Copy of this to/

- The office of the judicial investigator specialized in the Directorate of Military Intelligence's cases/the case associated with the accused above for follow up. With appreciation
- Inquiry office/for saving with appreciation
- Outgoing

---------- Investigator Ahmad Qasim 2018 ------------------------------------------------

Judicial council – Karkh Court Appeal – Iraq – Baghdad                    Tel

Mid At Rabeea Street in between Amel and Hurria Quarter                   E-mail

5

Republic of Iraq

Higher Judicial Council

Head of Baghdad Appellate Court/Al-Karkh Federal

Al-Karkh Inquiry Court specialized in terrorism cases

(17351)

## Arrest Warrant and Inquiry

No.: (7)

Date: 3/6/2018

To all law enforcement officials and police personnel, you are hereby authorized and tasked to arrest – Omar Abdulsattar Ameen Husayn al-Rawi, also known as Omar Abdulsattar Ameen.

Nationality: Iraq

Holding passport No : (G1975150)

Because he is accused in accordance with the provisions of legal article (406/1/A) of the Iraqi Statute. For that, we are authorizing you to detain him in your custody until he is brought before us to answer the charges against him for which there is a penalty in accordance with the provisions of article (406/1/A) in the Iraqi statute number 111 for the year 1969 Amended.

Judge                                                    [Seal/High Judicial Council

Name: DEAA JAAFAR                      Presidency of Baghdad Federal Karkh Appellate court

[Signature]                                                    Al-Karkh Inquiry Court

Terrorism Cases]

[Signature]

Judge Deaa Jaafar

5/16/2018



6

## Identifying information about the wanted accused

Four Part Name and Alias: Omar Abdulsattar Ameen Husayn al-Rawi

Alias: Not Available

Date and Place of Birth and religion: 12/20/1973/ Muslim

Current Place of Residence in Iraq:

Previous Place of Residence in Iraq: Al-Anbar / Rawah

Passport Number if Available: (G1975150)

Mother's Name: Fatimah Sakin

Citizenship: Iraqi

Nationality: Arab

Occupation: Wage-earner

## Judicial Information

███████████████████

Statute where the crime was mentioned: Iraqi Penal Code No. 111 for the year 1969 Amended

Type of Crime: Felony Murder

Legal Article: 406/1/A Iraqi Statute

Date of Crime: 6/22/2014

Accomplices: Muhammad Abid Manaf, Ahmad Shihab Ahmad Badr al-Rawi, Bilal Adib Sa'id, Ghazwan Salih Ma'ad, Hadwan Rafiq I'taywi Ahmad 'Izzah and Ahmad Farhan Jal'ut Bakhit al-Rawi.

Place where the Crime was Committed: Al-Anbar/Rawah

Maximum Penalty Possible: Execution

Murder method: Organized killing by an armed group

Court: Al-Karkh Inquiry Court specialized in terrorism cases

Agency: National Security Service



7

Station:

Name of Investigator: Ahmad Qasim

## Arrest Warrants

Issuing authority, date, legal article and name of the Judge

Issuing Authority: Al-Karkh Inquiry Court specializing in terrorism cases.

Legal Article: 406/1/A Iraqi Statute
[Signature]

Name of Judge: Deaa Jaafar [Signature] 5/16/2018

Judge DEAA JAAFAR 5/16/2018

## Potential Places where the accused might be present:

Places where he may visit: United States of America/California

Places where he may reside: Same place as above

Places where he may be present: Same place as above

[Seal/High Judicial Council

Presidency of Baghdad Federal Karkh Appellate

Court

Al-Karkh Inquiry Court

Terrorism Cases]

Judge: Deaa Jaafar

[Signature] 5/16/2018

## General Description

Height: Average

Weight: Not available

Hair Color: Black

Complexion: Tan



8

Eye Color: Black

Disabilities and Distinctive Marks: See attached photo of the suspect.

## Summary about the Case

On 6/22/2014, an armed group comprised of several individuals riding in four pickup vehicles, armed with Kalashnikov rifles. They started shooting heavily at the victim's house (Ihsan Abdulhafiz Jasim) who was killed by the accused, (Omar Abdulsattar Ameen). Omar had several individuals with him and some of them were identified as follows: Abid Manaf, Ahmad Shihab Ahmad Badir al-Rawi, Bilal Adib Sa'id, Ghazwan Salih Ma'ad, Hadwan Rafiq I'taywi Ahmad 'Izzah and Ahmad Farhan Jal'ut Bakhit al-Rawi. ███████████████████████

███████████████████████████████████ was able to identify the accused after ███ was shown multiple photos as it is indicated in the attached identification file.

stated that ██████ the accused (Omar Abdulsattar Ameen) shooting the victim (Ihsan Abdulhafiz Jasim). ████████████████████████

███████████████████████████ the suspect (Omar Abdulsattar Ameen). Death certificate is attached for the victim (Ihsan Abdulhafiz Jasim) along with the inspection report, a sketch of the place where the incident took place to support that and the report issued by the National Security Service. The militants also declared that they killed the victim (Ihsan Abdulhafiz Jasim) on social websites as it is illustrated in the clarifying documents attached with the investigative reports. The National Security Service also showed through intelligence reports and the investigative record the same information provided by ███████████████████████

## Accomplices

(Muhammad Abid Manaf, Ahmad Shihab Ahmad Badr al-Rawi, Bilal Adib Sa'id, Ghazwan Salih Ma'ad, Hadwan Rafiq I'taywi and Ahmad Farhan Jal'ut Bakhit al-Rawi).

## Other information.

[Seal/High Judicial Council

Presidency of Baghdad Federal Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]

Judge

Deaa Jaafar [Signature]

5/16/2018

## Case Summary of the accused (Omar Abdulsattar Ameen Husayn al-Rawi)

On 6/22/2014, an armed group comprised of several individuals riding in four pickup vehicles, armed with Kalashnikov rifles. They started shooting heavily at the victim's house (Ihsan Abdulhafiz Jasim) who was killed by the accused, (Omar Abdulsattar Ameen). Omar had several individuals with him and some of them were identified as follows: Abid Manaf, Ahmad Shihab Ahmad Badir al-Rawi, Bilal Adib Sa'id, Ghazwan Salih Ma'ad, Hadwan Rafiq I'taywi Ahmad 'Izzah and Ahmad Farhan Jal'ut Bakhit al-Rawi.

was able to identify the accused after

was shown multiple photos as it is indicated in the attached identification file.
stated that          the accused (Omar Abdulsattar Ameen) shooting the victim (Ihsan Abdulhafiz Jasim).

the suspect (Omar Abdulsattar Ameen). Death certificate is attached for the victim (Ihsan Abdulhafiz Jasim) along with the inspection report, a sketch of the place where the incident took place to support that and the report issued by the National Security Service. The militants also declared that they killed the victim (Ihsan Abdulhafiz Jasim) on social websites as it is illustrated in the clarifying documents attached with the investigative reports. The National Security Service also showed through intelligence reports and the investigative record the same information provided by

The Judge [Signature]

DEAA JAAFAR

5/16/2018


|Seal/High Judicial Council

Presidency of Baghdad Federal Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]



Article 406   (1) Any person who willfully kills another is punishable by death in the following circumstances:

    (a)    If such killing is premeditated.

    (b)    If such killing occurs as a result of the use of toxic substances or explosives.

    (c)    If the motive for such killing is base or such killing is in exchange for money or if the offender uses brutal methods in the commission of the offence.

    (d)    If the victim is a parent of the offender.

    (e)    If the victim is a public official or agent while in the course of executing his duty or employment or if he is killed as a consequence of such duty or employment.

    (f)    If the offender intends to kill two or more people and does so as a result of a single act.

    (g)    If the murder is related to one or more other murders or attempted murders.

    (h)    If the killing is committed as a prelude to the commission of a felony or misdemeanor punishable by a period of detention of not less than 1 year or in order to facilitate the commission of such offence or while carrying out such offence or in order to enable the offender or accessory to make his escape or avoid punishment.

    (i)    If the offender has been sentenced to life imprisonment for murder and he commits murder or attempts to do so during the term of his sentence.

  (2) The penalty will be death or life imprisonment in the following circumstances:

    (a)    If the offender intends to kill one person but his action results in the death of two or more persons.

    (b)    If the offender mutilates the body of the victim.

    (c)    If the offender sentenced to life imprisonment in circumstances other than those described in Sub-Articles (a) (i) of this Article and he commits murder during the term of his sentence.

Judge

[Signature]

DEAA GAAFAR

5/16/2018

[Seal/High Judicial Council

Presidency of Baghdad Federal Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]



11

The accused: - (Omar Abdulsattar Ameen Husayn al-Rawi)

**Statement to indicate that the Iraqi statute sides with the maximum penalty as a punishment.**

The Iraqi penal code number, 111 for the year 1969, which, in effect, applies the maximum penalty in accordance with provisions of legal article (23), which states (Crimes in terms of gravity are three kinds: felonies, misdemeanor and violations. The crime type is determined by the severity of the punishment assigned to it in the statute, and if there is a crime that carries both jail time and a fine, then the crime type is determined by the term of imprisonment set forth in the statute).

Judge                                    [Seal/High Judicial Council

[Signature]                    Presidency of Baghdad Federal Karkh Appellate court

DEAA GAAFAR                              Al-Karkh Inquiry Court

5/16/2018                                Terrorism Cases]



12

<u>The accused:</u>  Omar Abdulsattar Ameen al-Rawi

<u>Statement to indicate that head of the High Judicial Council replaced the Minister of Justice in the Iraqi statute.</u>

The head of the High Judicial Council replaced the Minister of Justice in accordance with order number (35) for the year 2003 by the dissolved Coalition Authority, which pertains to the formation of the High Judicial Council, and also section (7) of memorandum number (12) for the year 2004 by the dissolved Coalition Authority, which includes the interpretation of all references to the Ministry of Justice or the Minister of Justice in the Iraqi law where it is necessary and appropriate to preserve the independence of the judicial system as these references are for the Judicial Council or its Head and that the Judicial Authority is independent from the Executive Authority (Ministry of Justice) in accordance with the provisions of articles (47, 87 and 88 of the Iraqi Constitution for the year 2005).

Judge            [Seal/High Judicial Council

[Signature]      Presidency of Baghdad Federal Karkh Appellate court

DEAA GAAFAR        Al-Karkh Inquiry Court

5/16/2018           Terrorism Cases]



13





Photo of the accused (Omar Abdulsattar Ameen Husayn)

[Seal/High Judicial Council

Presidency Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]



14

Al-Karkh Inquiry Court specialized in terrorism cases

Office of the Judicial Investigator Specialized in

Deciding National Security Cases

Index of the investigative documents relative to the accused fugitive (Omar Abdulsattar Ameen) in accordance with the provisions of article 406/1/A in the Iraqi penal code number 111 for the year 1969 Amended.

| From | To | Notes |
|------|-----|-------|
| 1 | 1 | Index |
| 2 | 5 | Investigative procedures |
| 6 | 7 | Opening of the record |
| 8 | 12 | ███████████████████████████ |
| 13 | 15 | ███████████████████████████ |
| 16 | 26 | Inspection and a sketch of the place of incident + illustrative photos of the area of the incident |
| 27 | 32 | Identification record along with the array of photos for suspects that were shown in the process |
| 33 | 36 | Intelligence reports |
| 37 | 45 | Reports by the judicial investigator and decisions by the investigative judge |
| 46 | 60 | Priorities and information about the accused fugitive (Omar Abdulsattar Ameen) (Report about the names of members of the family of the accused + Copy of the civil status record of the accused with members of his family + Photographs of the suspect Omar Abdulsattar + Digital copy of the computer report associated with the issuance of a passport for the suspect Omar Abdulsattar) |
| 61 | 73 | Priorities and information associated with killing incident of the victim (Ihsan Abdulhafiz Jasim) |

Judicial investigator                                    [Seal]

[Signature]                                    Higher Judicial Council



Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

1

# Investigative Procedures

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



2

Al-Karkh Inquiry Court

Specialized in Terrorism Cases

## Clarification of an investigative process

Arrest warrants issued by Iraqi courts in accordance to the provisions of the legal articles mentioned in the Iraqi statute number 111, for the year 1969 Amended, stay in effect (They don't become invalid due to a statute of limitations). This is according to legal article 94/A of the criminal procedure code (23) for the year 1971 which states (The arrest warrant is valid in all areas of Iraq and must be executed by anyone to whom it is sent. It remains current until it has been executed or cancelled by the party issuing it or by a higher authority with legal right to do so).

Pursuant to the Iraqi Penal Code 111 for the year 1969 Amended, there is no statute of limitations for the charge of murder and the warrant is in no way time barred.

[Seal/Higher Judicial Council

The Presidency of                                        [Signature]

Baghdad Federal Karkh Appellate court                    Deaa Jaafar

Al-Karkh Inquiry Court                                   [Seal]

Terrorism Cases]                                         5/16/2018



3

Al-Karkh Inquiry Court

Specialized in Terrorism Cases

## Clarification of an investigation process

Murder, according to the provisions of article 406/1/A in the Iraqi Penal Code, is one of the premeditated crimes for which the Iraqi Penal Code stipulated the presence of criminal intent according to the Iraqi Penal Code number 111 for the year 1969 Amended, which states:
Article: (33)
(1) Criminal intent is the existence in the mind of the offender of an intention to commit the criminal act with a view to realizing the consequence of the offence that has occurred or any other criminal consequence.
(2) Intent maybe simple or premeditated.
(3) Premeditation is the resolute contemplation of the commission of an offence before it is committed and is far removed from an outburst of jealous rage or mental turmoil.
(4) Premeditation can be established whether or not the intent of the offender is directed towards a specific person or merely a person he has met or encountered or whether the intent is dependent on something happening or on some condition.


This was explained for the investigative process.



[Seal/Higher Judicial Council

The presidency of                                    [Signature]

Baghdad Federal Karkh Appellate court               Deaa Jaafar

Al-Karkh Inquiry Court                              [Seal]

Terrorism Cases]                                    5/16/2018

4



Al Karkh Inquiry Court

Specialized in Terrorism Cases

## Clarification of an investigation process

The Iraqi Penal Code number, 111 for the year 1969 Amended, clarified who is the principle, who is the accessory and what is the penalty for each of them. This is in accordance with what is stated in articles (47, 48, 49 and 50); they read:

### Article 47

The following are considered to be principals to an offence.

(1) Any person who commits an offence by himself or with others.

(2) Any person who participates in the commission of an offence that consists of a number of acts and who willfully carries out one of those acts during the commission of that offence.

(3) Any person who incites another in any way to commit an act contributing to an offence if that person is not in any way criminally liable for the offence.

### Article 48

The following are considered to be accessories to an offence:

(1) Any person who incites another to commit an offence and that offence is committed on the basis of such incitement.

(2) Any person who conspires with others to commit an offence and that offence is committed on the basis of such conspiracy.

(3) Any person who knowingly supplies the principal to an offence with a weapon, instrument or anything else to commit an offence or deliberately assists him in any other way to carry out those acts for which he has received assistance.

### Article 49

An accessory is considered to be a principal to an offence under the provisions of Article 48, if he is present during the commission of that offence or any act contributing to that offence.

### Article 50

(1) Any person who participates in the commission of an offence as principal or accessory is punishable by the penalty prescribed for that offence unless otherwise stipulated by law. .

(2) An accessory is punishable by the penalty prescribed by law, even though the principal is not punishable due to lack of criminal intent on his part or for other circumstances in respect of him. This was explained for the investigation process.

[Seal/High Judicial Council

The presidency of

Baghdad Federal Karkh Appellate court                    [Signature]

Al-Karkh Inquiry Court                                   Deaa Jaafar

Terrorism Cases]                                         [Seal]

5

# (Opening of the Record)



[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

6



Central Inquiry Court

Office of the Judicial Investigator Specialized

In National Security Agency's Cases

4/12/2018

## Opening of the Record

This court has received an intelligence report from the National Security Agency / Department of Operations and Intelligence Support. The report contains details about the murder incident of the victim, officer (Ihsan Abdulhafiz Jasim), in the District of Rawah, Al-Anbar Province, by an armed terrorist group. ████████████████████████████████████████

████████████████████████████████ Based on this, a record has

been opened to start a proper investigation.

Judicial Investigator

[Signature]



[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

7



[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

8



Higher Judicial Council

Central Inquiry Court



9

000038



Seal of the Higher Judicial Council        Signature

Iraqi Central Criminal Court        Seal of the Judge

Inquiry Court        Judge Dhuya' Ja'far Laftah

                                            4/25/2018

[TN: Seals, signatures and thumbprints are the same on both pages of the documents]

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

[Same seal on both pages of the document]



10



Higher Judicial Council

Central Inquiry Court

11



Seal of the Higher Judicial Council

Iraqi Central Criminal Court

Inquiry Court

Signature

Seal of the Judge

Judge Dhuya' Ja'far Laftah

4/25/2018

[TN. Seals, signatures and thumbprints are the same on both pages of the documents]

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

[Same seal on both top pages of the document]



12



13



Higher Judicial Council

Central Inquiry Court

The witness was shown several photos of individuals working for the Islamic State of Iraq
Organization and was able to identify the accused fugitive, (Omar Abdulsattar Ameen) which is
attached with the investigative documents.

14

| Witness | Seal of the Higher Judicial Council | Signature |
|---|---|---|
| Signature | Iraqi Central Criminal Court | Seal of the Judge |
| ▮▮▮▮▮▮▮ | Inquiry Court | Judge Dhuya' Ja'far Laftah |

[Witness's finger print]                                                          4/15/2018

[TN: Seals, signatures and thumbprints are the same on both pages of the documents]

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

[Same seal on both top pages of the document]



15

# Inspection and a sketch of the place of incident

# +

# Descriptive photos of the area of the incident

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



16

Inspection and sketch report where the incident took place

1.  The place where the incident took place is about (1 Kilometer) from the center of the Rawah District
2.  The place where the incident took place is located within Rawah District which is part of the Al-Anbar Province inside the parameter of Rawah.
3.  It is about a killing incident and the kidnapping of three individuals by an armed group
4.  The place where the incident took place is a residential home located in an agricultural area.
5.  The place where the incident took place (the home) can be reached through multiple roads
6.  Nothing is beneficial here for the investigation.

[Signature]

Judicial Investigator

Ahmad Salman



17



Low Vacant Area

Valley

Tigris River

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

18

000047





19

Roads that lead to the victim's (Ihsan Abdulhafiz) house in Al-Anbar Province / Rawah and according to the following coordinates ███████████████ )

[Signature]

[Top Seal on photo 1]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



000050



راوة الجـديدة



راوة الجديدة

21

Aerial photo of the victim's (Ihsan Abdulhafiz) house in the Province of Al-Anbar/Rawah and according to the following coordinates ███████████████ ) [The city is identified as New Rawah]

[Signature]

[Top Seal on photo 2]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



22





23

Photo of the victim's (Ihsan Abdulhafiz) house and photos of the roads that lead to it in the Province of Al-Anbar / Rawah

Upper left: The road from the backside of the house

Upper right: The road from the left side

Lower left: Road from the right side

Lower right: the side that faces the victim's house

The photo standing alone is the victim's house

The photo in the middle: this is the map of Rawah with its coordinates ( █████████████ )

[Signature]

[Seal on photo 3]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



24







25

[Signature]

[Top Seal on photo 4]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



26

# Identification record along with the array of photos for suspects that were shown in the process

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



27

**Central Inquiry Court**

**Office of the Judicial Investigator**

### Identification Report

Implementation of a decision by the Inquiry Judge at the Central Court includes the execution of an identification procedure for photos of working members of the Islamic State in Iraq. These photos were shown to the witness **after the witness was given the legal oath. The witness** ██████ looked at the photos one after the other, **and identified** the photo of the accused fugitive (Omar Abdulsattar Ameen), which is attached herein along with the inquiry documents, as one of the militants who killed the victim (Ihsan Abdulhafiz) and the kidnapping of the victims (Ra'fat, Ghassan and Muhammad). Based on that, this report was properly stamped by me.

[Signature]

[IL]

4/15/2018

[Thump print]

[Signature]

The Witness

██████████

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

28





The photo that was shown the witness

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

29





30



31

[Seal on the previous two photos]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



32

# Intelligence Reports

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



33

National Security Service

Operations and Intelligence Support Department

Your Excellency the investigative judge of the Central Court

Priority/Intelligence Report

Due to the intelligence efforts and following up on the organized operations carried out by a number of criminal gangs against the Iraqi people, our Agency's units began to collect and analyze information about the murder incident of an individual in Rawah District. This individual used to work as an officer in the Iraqi Police and his name is (Ihsan Abdulhafiz Abid Jasim). █

████████████████████████████████████████    ████████████████

████████████████    ████████████████████████████████

████████████

Hoping that you review and make the proper decision with utmost appreciation.

[Signature]

General Director

Operations and Intelligence Support Department

4/11/2018



[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases

34

To/ The Esteemed Judicial Investigator of the Al-Karkh Inquiry Court specialized terrorism cases.

Intelligence report about the accused fugitive (Omar Abdulsattar Ameen Husayn)

Peace, mercy and blessings of God,

Implementation of the decision by the investigative judge of the Central Inquiry Court on 4/25/2018, paragraph (4) consists of the preparation of an intelligence report regarding (Omar Abdulsattar Ameen Husayn al-Rawi). Through the inspection of our Agency's database, it was revealed that the above mentioned individual was born in 1973, the name of his mother is Fatimah Sakin Abdullatif. He lives in the province of Al-Anbar    Rawah District - village of Al-Sarhaniyah. He has ten brothers and three sisters. He works in the trade of building material supplies. He also has a shopping centers in the Rawah District. In 2004, he worked with terrorist cells and he was one of the founders of al-Tawhid Wa al-Jihad (Al-Qa'ida Organization) and one of the close associates of the terrorist, Abu-Mus'ab al-Zarqawi. At that time, channels of finance were opened to him and became the financial officer for the Al-Qa'idah Organization in Al-Anbar, in addition to taking control over the military leadership in all western areas of Al-Qa'im and Rawah. He committed the most heinous crimes against the citizens and security forces at that time. And in 2006 he launched an armed attack against the army headquarters in Al Karablah Area in Al-Qa'im, where he took soldiers as prisoners and executed them at the same time. And in the same year, he launched an armed attack against the army headquarters where several soldiers were killed. And in 2007, the terrorist, (Omar Abdulsattar Ameen) worked under the Emir for Al-Qa'idah in Al-Anbar, the terrorist (Ghassan Muhammad Ameen al-Rawi) who is the paternal cousin for the terrorist (Omar Abdulsattar). All of his brothers followed him without exception. But the one brother that was more brutal than all and earned the rank of a security Emir, was the terrorist (Bilal Abdulsattar). And on 6/22/2014 and after terrorist groups seized control over the District of Rawah, the terrorist (Omar Abdulsattar) and other members of his terrorist group, went to the home of (Ihsan Abdulhafiz) where he shot him to death in front of his house which is located in the District of Rawah.

Please review and decide as you see fit with appreciation.

|Signature|

Director General

Operations and Intelligence Support Department

5/ /2018

Rate the document

A B.C.D                                                                                              Hotline:

35

[Signature]

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



36

# Reports by the judicial investigator and decisions by the investigative judge

[Seal]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



37

Higher Judicial Council

Office of the Judicial Investigator

Date: 4/12/2018

To the esteemed Inquiry Judge of the Inquiry Court at the Central Court sir

Greetings and appreciations,

- The court has received an intelligence report which revealed details associated to the murder of the victim Ihsan Abdulhafiz Jasim in the Rawah area by an armed group and ███████████████████████████████ ████████ ██████████████ Please review the contents.

Please review the content and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]

Judicial Investigator

1. I reviewed the intelligence report provided by the National Security Service, Department of Operation and Intelligence Support, and for the importance and the seriousness of the information, the witness ██████████████████████ ████████████████ ██████ ████████████████████████

2. Inform the Public Prosecution

[Seal/signature]                                    [Top Seal/Higher Judicial Council

Judge Deaa Jaafar Laftah                               the presidency of

4/12/2018                                    Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]

[Signature]



38

000074

Higher Judicial Council

Office of the Judicial Investigator

4/15/2018

To the esteemed Inquiry Judge of the Inquiry Court at the Central Court sir

Greetings and appreciations,

- The witness ██████████████████ is present at this court; we will bring the witness
  your Excellency to take a judicial statement.

Please review the content and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]


### Judicial Investigator

1. I wrote down the witness statement ██████████████████ to me after the witness
   took    the legal oath and attached it with the investigative documents.
2. ███████████████████████████████████████
3. The victim's death certificate will be attached
4. A record has been prepared to identify the fugitive, Omar Abdulsattar Ameen, who was
   mentioned in the complaint by the witness,                who                was
   able to identify his photo. The record was attached with the investigative documents.
5. An inspection and a sketch will be executed at the place of incident, and accurate,
   descriptive photos of the place of incident will be prepared.
6. Inform the Public Prosecution.

[Seal/signature]                                    [Top Seal/Higher Judicial Council

Judge Deaa Jaafar Laftah                                    Presidency of

4/15/2018                                    Baghdad Federal Al-Karkh Appellate court

                                    Al-Karkh Inquiry Court

                                    Terrorism Cases]

                                    [Signature

39

Higher Judicial Council

Office of the Judicial Investigator

4/25/2018

To the esteemed Inquiry Judge of the Inquiry Court at the Central Court sir

Greetings and appreciations,

███████████ ████████████████████████████ are present at this court and we will bring them over to your Excellency to take their statements.

Hoping that you review the content and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]

Judicial Investigator

1. I wrote down the ███████ statements ███████████████████████████████ after having them take the legal oath by me, and it was attached with the investigative documents.
2. ████████████████████████████████████████ the victim's death certificate ██████ was attached with investigative documents and a proper investigative measure will be taken for this.
3. We confirm the promptness for arranging an inspection and a sketch of the place of the incident.
4. The National Security Service is tasked to prepare a detailed intelligence report regarding the information provided by the plaintiffs.
5. The National Security Service is asked to inquire about the names that were provided in the complaint and they are (Abu-Anas al-Samirra'i, Muhammad Abid Manaf, Muhammad Abbud al-Suri, Bilal Adib Sa'id and Salih Ma'ad)
6. The copy of Omar Abdulsattar Ameen's civil status record is attached and the Directorate of Civil Status and Passports will be contacted for that purpose.
7. Inform the public prosecution

[Seal/signature]

Judge Deaa Jaafar Laftah

4/25/2018

40

[Signature]

[Seal on the document]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



41



Higher Judicial Council

Office of the Judicial Investigator

5/14/2018

To the esteemed inquiry Judge at the Al-Karkh Inquiry Court specialized in terrorism cases

Greetings and appreciation,

- We present your excellency with the investigative documents related to the killing incident of the victim (Ihsan Abdulhafiz Jasim)
- Implementation of the decision by this court included the execution of an inspection and a sketch of the place of the incident; an inspection and a sketch of the place of incident have been completed and it was attached with the investigative documents.
- The National Security Service provided us with a letter from the Department of Civil Status, which included a computerized report and a photo of the name mentioned in the complaint submitted against the accused, Omar Abdulsattar Amin.
- We enclose herein the report by the National Security Service, which includes an inquiry on the validity of the information provided ████████████████ Please review it. The report revealed that the full name of the accused is Omar Abdulsattar Ameen, as indicated by the answer given by the Department of Civil Status.

Hoping that you review and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]

Judicial Investigator

1. I have reviewed what was stated in the statement of the witness, ████████████ ████████ ████████████████████, the inspection reports, and the intelligence reports provided by the National Security Service; the court decided to issue an arrest warrant and inquiry against the suspects Omar Abdulsattar Ameen Husayn al-Rawi, Ahmad Shihab Ahmad Badir al-Rawi, Hadwan Rafiq I'taywi Ahmad 'Izzah and Ahmad Farhan Jal'ut Bakhit al-Rawi in accordance with legal article 406/1/A in the Iraqi Legal Statute number 111 for the year 1969 Amended, and to inquire on their presence and to seize anything that relates to the crime.
2. We confirm the promptness to the inquiry of the full names of the suspects each of the following, Abu-Anas al-Samirra'i, Muhammad Abid Manaf, Bilal Adib Sa'id and Ghazwan Salih Ma'ad.
3. Inform the Public Prosecution.

42

[Seal/signature]
Judge Deaa Jaafar Laftah
5/14/2018

[Top Seal/Higher Judicial Council

Presidency of

Baghdad Federal Al-Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]

[Signature]



Higher Judicial Council

43

Office of the Judicial Investigator

5/16/2018

To the esteemed Inquiry Judge of at the Al-Karkh Court specialized in terrorism cases

Greeting and appreciation,

- We present to your Excellency the inquiry documents related to the murder incident of the victim (Ihsan Abdulhafiz Jasim).
- We attach the intelligence report issued by the Directorate of Operations and Intelligence Support, which indicates the state of the efforts that are being made to carry out the arrest warrants against the accused fugitives; its content revealed that Omar Abdulsattar Ameen is currently in the United States of America.

Please review the content and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]

Judicial Investigator

1. I have reviewed; the Arab and International Police will be contacted and an international arrest warrant will be arranged in order to execute it properly.
2. Inform the Public Prosecution.

[Seal/signature]                                    [Top Seal/Higher Judicial Council

Judge Deaa Jaafar Laftah                                    Presidency of

5/16/2018                                    Baghdad Federal Al-Karkh Appellate court



Al-Karkh Inquiry Court

Terrorism Cases]

[Signature]



Al-Karkh Inquiry Court

Specialized in Terrorism Cases

5/29/2018

To the esteemed Inquiry Judge of at the Al-Karkh Court specialized in terrorism cases

Greeting and appreciation,

- We present to your Excellency the inquiry documents related to the killing incident of the victim (Ihsan Abdulhafiz Jasim).

Please review the content and make the appropriate decision with our appreciation.

Judicial Investigator

[Signature]

Judicial Investigator

1- I have reviewed; an extradition file will be organized for the accused (Omar Abdulsattar Ameen Husayn al-Rawi), and the file will be sent to the Chief Public Prosecutor, Extradition Section.

[Signature]

Judge Jabbar Husayn

[Signature]

[Top Seal/Higher Judicial Council

The presidency of

Baghdad Federal Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]



45

# Priorities and information about the accused fugitive (Omar Abdulsattar Ameen)

## (Report about the names of members of the family of the accused + Copy of the civil status record of the accused with members of his family + Photographs of the suspect Omar Abdulsattar + Digital copy of the computer report associated with the issuance of a passport for the suspect Omar Abdulsattar)

[Seal on the document]

Higher Judicial Council

Presidency of Baghdad Al-Karkh Federal Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases



REPUBLIC OF IRAQ                    [I.N.S.S Logo]

46

000082

I.N.S.S

To/ the esteemed Judicial Investigator of the Central Inquiry Court

Peace, mercy and blessings of God,

## P/Priorities

We are attaching to your Excellency the priorities associated with the victim (Ihsan Abdulhafiz).

For your review and to decide as you see fit... with appreciation.

<u>Attachments</u>

- Photos of the victim (2) pages
- Photos of the accused fugitive (3) pages
- Copy of the accused fugitive's civil status record (Omar Abdulsattar)
- Photocopy of the report by the Directorate of Civil Status, Passports and Residency with its attachments
- Photos of an inspection sketch.

[Signature]

Director General [.s]

Department of Operations and Intelligence Support

5/7/2018                                        [Signature]

[Top Seal/Higher Judicial Council

The presidency of

Baghdad Federal Karkh Appellate court

Al-Karkh Inquiry Court

Terrorism Cases]



Rate the document

A B C D                                        Hotline: ▮

47



Photo of the accused (Omar Abdulsattar Ameen Husayn)

[Signature]

[Seal/High Judicial Council

Presidency Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]



48



[Signature]

[Seal/High Judicial Council

Presidency Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]



49

The photo presented to the witness for the purpose of identification



[Signature]

[Seal/High Judicial Council

Presidency Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]



50

P/ Report about the names of the family of the accused (Omar Abdulsattar)

| No | Relationship | Four-part name and alias of the accused | D.O.B | P.O.B |
|---|---|---|---|---|
| 1 | The accused | Omar Abdulsattar Ameen Husayn al-Sarhan al-Rawi | 12/20/1973 | Al-Anbar/Annah |
| 2 | Father | Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1934 | Al-Anbar/Annah |
| 3 | Mother | Fatimah Sakin Abdullatif | ███/1941 | Al-Anbar/Annah |
| 4 | Brother | Bilal Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1969 | Al-Anbar/Annah |
|  | Brother | Hudhayfah 'Abdulsattar Amin Husayn al-Sarhani al-Rawi | ███/1970 | Al-Anbar/Annah |
| 5 | Brother | Qutaybah Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1977 | Al-Anbar/Annah |
| 6 | Brother | Suhayb Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1977 | Al-Anbar/Annah |
| 7 | Brother | Qusay Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1980 | Al-Anbar/Annah |
| 8 | Brother | Uday Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1982 | Al-Anbar/Annah |
| 9 | Brother | Lu'ay Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1983 | Al-Anbar/Annah |
| 10 | Brother | Muhammad Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1987 | Al-Anbar/Annah |
| 11 | Brother | Mustafa Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1990 | Al-Anbar/Annah |
| 12 | Brother | Ayman Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1964 | Al-Anbar/Annah |
| 13 | Sister | Khansa' Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1972 | Al-Anbar/Annah |
| 14 | Sister | Damya' Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███/1979 | Al-Anbar/Annah |
| 15 | Sister | Muna Abdulsattar Ameen Husayn al-Sarhani al-Rawi | ███1965 | Al-Anbar/Annah |



51

[Signature]

[Seal/High Judicial Council

Presidency Baghdad Federal Al-Karkh Appellate Court

Al-Karkh Inquiry Court

Terrorism Cases]



000088