McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Acting Associate Director
JOHN RIESENBERG
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

**FILED**

AUG 14 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO. 2:18-MJ-0152 EFB<br><br>NOTICE OF REQUEST TO SEAL AND REQUEST TO SEAL PORTIONS OF THE EXTRADITION PACKET AND PROPOSED ORDER |

Pursuant to Local Rule 141(b), the United States, by and through Assistant United States Attorney Audrey B. Hemesath provides notice and requests to file under seal:

(1) Portions of the Extradition Packet: (a) disclosing the identity of the witnesses to the murder alleged in the Extradition Request; (b) the statements under oath of those witnesses; and (b) personally identifying information of other individuals contained in the Extradition Request.

The United States has submitted the entire unredacted 164-page Extradition Packet (Government's Exhibit 2) to the Court for its consideration of the complete document in these extradition proceedings. Pages 3 through 66 are a copy of the original Arabic Extradition Request. Pages 67 through 152 are a copy of the English translation of the Extradition Request. Pages 153 through 164 are a copy of the Declarations from the Department of State, Diplomatic Note, and Extradition Treaty. The United States will make available for review the entire undredacted 164-page Extradition Request for Counsel for Omar Ameen, to the extent the parties agree on the terms of a Protective Order, which will be submitted for approval to the Court.

The basis for sealing redacted portions of the Extradition Request in the public filing is that the redacted portions contain information that, if revealed, have a high potential for improper use. *EEOC v. Erection Co.*, Inc., 900 F.2d 168, 170 (9th Cir. 1990). Specifically, witnesses to the events that are the subject of the Extradition Request have expressed a fear for their personal safety; a fear that law enforcement deems credible in light of the allegations in the Extradition Request itself and in information in possession of the United States government. The need to protect the witnesses from the public exposure of their identities, greatly increasing the risk to their personal safety, outweighs the public right to access. *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990); *cf. In re Terrorist Bombings*, 552 F.3d 93 (2d Cir. 2008) (holding that the need to prevent the unauthorized disclosure of classified information to a defendant charged with terrorist crimes, where such disclosure could place lives in danger, outweighed the defendant's interests in discussing materials with counsel).

The names of the witnesses, their statements, and references to their statements elsewhere in the Extradition Request have been redacted, along with any other information that would make their identity discernible. Such redactions are necessary to protect the safety of the witnesses because of the possibility that their identities may be recognizable from the contents of their statements.

This request is narrowly tailored to serve the interest of protecting witness safety, while still preserving the public right of access. A redacted version of the English translation of the Extradition Request as well as the Declarations, Diplomatic Note, and Treaty (88 pages) (Government's Exhibit 2),

will be filed publicly, redacted to protect the identity of the witnesses who have already made sworn statements overseas, as well as the personally identifying information of other individuals mentioned in the Extradition Request.[1] The nature of the crime, the terms of the treaty request, and other information relevant to the public interest in extradition proceedings are still accessible in the redacted version of the Extradition Request. *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (identifying the public interest in extradition proceedings as complying with valid extradition applications, promoting relations between two countries, and enhancing efforts to establish an international rule of law and order).

The Notice of Request and Request to Seal and Proposed Order are all being electronically filed.

Dated: August 14, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

---

[1] The photographs that accompany the English translation of the Extradition Request are black-and-white and poor quality, so included in this redacted, publicly filed version of the Extradition Request are the color, higher quality photographs that accompany the Arabic original Extradition Request. The higher quality color photographs have been inserted before the black and white versions of the photographs.

EFB
[PROPOSED] ORDER

Pursuant to Local Rule 141(b) and based upon the representation contained in the Request to Seal, IT IS HEREBY ORDERED that the redacted portions of the Extradition Request shall be SEALED until further order of this Court. The Court finds a need to protect the witness from the improper, scandalous or libelous use of the information, and that this compelling interest outweighs any public right of access to this information. The Court further finds the sealing request is narrowly tailored to protect the safety interest of the witnesses.

Dated: 8-14-2018

HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE