McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Acting Associate Director
JOHN RIESENBERG
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO.  18-MJ-152 EFB<br><br>EX PARTE REQUEST TO SEAL AND PROPOSED ORDER<br><br>**UNDER SEAL** |

      Pursuant to Local Rule 141(b), the United States requests to seal the government's Motion Regarding Proposed Disclosure, a copy of which is submitted with this Request, as well as the order sealing the Motion.

      The United States requests to seal the motion because the government has a national security interest in keeping the content of the disclosure to the Court out of the public sphere.  The government acknowledges that the public and the press have a presumed right of access to court proceedings and

associated filings. *See CBS, Inc. v. United States Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985).[1] Accordingly, in order to limit this disclosure, the Ninth Circuit has recognized there are procedural and substantive conditions that must be satisfied. With respect to the procedural prerequisites to a limiting access to criminal proceeding, the Ninth Circuit looks to whether "(1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings." *Oregonian Pub. Co.*, 920 F.2d at 1466. As for the substantive conditions, the First Amendment right of access can be overcome by a showing that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id*.

Here, the United States is filing concurrent with the Request a Notice of Request to Seal that will be on the public docket. This notice provides information that the United States is seeking to seal a document relating to this case. Further, the United States has provided a proposed order that sets forth proposed factual findings that articulate the basis for sealing. Finally, the United States is proposing to provide a letter to the defense related to this matter. Accordingly, the procedural requirements are met here.

Information that may be properly protected by sealing includes information potentially harmful to national security. *United States v. Ressam*, 221 F. Supp. 2d 1252 (W.D. Wash. 2002). Disclosure relating to the means, sources, and methods of intelligence gathering can undermine the government's intelligence capabilities and compromise national security. *Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190, 1203-04 (9th Cir. 2007).

Therefore, for the reasons stated above, the Court should order the foregoing document be filed under seal.

---

[1] This right derives from two sources: the common law, *see Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978); *accord In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008), and the First Amendment, *see Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603–04 (1982); *accord Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). Because the First Amendment standard is more stringent than the common law standard, "courts have tended to employ the First Amendment standard in situations in which both rights of access are implicated." *In re Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002); *see In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

Respectfully submitted,

Dated:  December 13, 2018

McGREGOR W. SCOTT
United States Attorney

By:   */s/ Audrey B. Hemesath*
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

[~~PROPOSED~~] ORDER

Having read and considered the papers submitted, and being fully informed, the Court GRANTS the United States's Request and FINDS as follows:

1. Protecting national security information qualifies as a compelling interest; accordingly, a compelling interest justifying nondisclosure of the aforementioned documents exists in this case.

2. Without the sealing of the aforementioned documents, there is a substantial likelihood that information potentially harmful to national security will enter the public sphere.

3. Anything less than sealing the aforementioned documents will potentially harm national security.  As such, sealing the aforementioned document is a narrowly tailored to achieve the compelling interest found herein.

Accordingly,

IT IS HEREBY ORDERED that the following documents in the above-captioned case are to be SEALED until further order of this Court:

1. The Motion Regarding Potential Disclosure; and

2. This Request and Order.

IT IS SO ORDERED.

Dated:  December 13, 2018

HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE