McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Acting Associate Director
JOHN RIESENBERG
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO.  2:18-MJ-152 EFB<br><br>EX PARTE MOTION REGARDING PROPOSED DISCLOSURE AND PROPOSED ORDER<br><br>**UNDER SEAL** |

Pursuant to Local Rule 141(b), the United States, by and through Assistant United States Attorney Audrey B. Hemesath, respectfully submits this ex parte motion under seal, advising the Court of the existence of certain evidence, which in a criminal case could be considered exculpatory. While the rules pertaining to criminal discovery do not apply in the instant extradition matter, due to the specific facts of this case and out of an abundance of caution, the government seeks the Court's determination that the disclosure of the material to the defense in a certain, limited form fulfills any

EX PARTE MOTION REGARDING DISCLOSURE                   1

government disclosure obligation in this case.

## I.   BACKGROUND

The Republic of Iraq has requested the extradition of fugitive Omar Ameen for murder. Ameen was arrested on a warrant of arrest on August 15, 2018. The United States has submitted the extradition packet from the Republic of Iraq and anticipates no further evidentiary submissions in support of the extradition request. The extradition hearing is set for February 25, 2019.

[redacted]

For the following reasons, such information is not admissible in this extradition proceeding, and therefore is not relevant to the Court's certification decision. Nevertheless, the United States proposes to disclose to the defense only the witness's name, together with additional identifying information that makes clear the witness's [redacted] for Ameen's possible use in any future proceeding where the witness's information may be relevant and admissible.

## II.   DISCOVERY IN EXTRADITION PROCEEDINGS

As set forth in the government's prior filings, the scope of the Magistrate Judge's role in an extradition hearing is by its nature extremely limited. The general rule, which reflects the unique nature of extradition proceedings, is that a fugitive is not entitled to discovery. *In re Mainero*, 990 F.Supp. 1208, 1222 n.26 (S.D. Cal. 1997) ("Discovery is not available in extradition proceedings."); *In re Extradition of Singh*, 123 F.R.D. 108, 112-13 (D.N.J. 1987) (fugitives in extradition cases "do not have a constitutional right to discovery"); *In re Extradition of Koskotas*, 127 F.R.D. 13, 27 (D. Mass. 1989) (fugitives in extradition cases do not have constitutional or statutory rights to discovery). "While the [fugitive] may offer what has been called 'explanatory testimony,' the law 'nowhere requires a

magistrate to authorize compelled disclosure of sources of such explanatory testimony.'" *Peryea v. United States*, 782 F.Supp. 937, 939-40 (D. Vt. 1991). There is no general right to discovery related to whether probable cause exists.

Courts have further held that in extradition cases, the fugitive has no "absolute right to introduce exculpatory evidence and the government has no duty to do so." *Caplan v. Vokes*, 649 F.2d 1336, 1342 n. 10 (9th Cir. 1981); *accord Merino v. U.S. Marshal*, 326 F.2d 5, 13 (9th Cir. 1963). Any *Brady* obligations go to the ultimate issues of guilt or innocence, not probable cause. *See United States v. Williams*, 504 U.S. 36, 52-57 (1992) (in grand jury proceedings, prosecutor has no duty to present substantial exculpatory evidence). Nevertheless, the Sixth Circuit has held that, in certain circumstances, the United States has an obligation to "turn over any exculpatory materials in its possession that would undercut a finding that there was probable cause to believe that" the fugitive committed the charged crime. *In the Extradition of Drayer*, 190 F.3d 410, 415 (6th Cir. 1999); *Demjanjuk v. Petrovsky*, 776 F.2d 571 (6th Cir. 1985).

In the Ninth Circuit, the extent to which discovery may be ordered in an extradition proceeding is a matter committed to the discretion of the Magistrate Judge. *Emami v. U.S. Dist. Court*, 834 F.2d 1444, 1452 (9th Cir. 1987); *In re Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986). "In exercising this discretion, a judge should consider that 'extradition proceedings are not to be converted into a dress rehearsal for a trial' and 'whether the resolution of the contested issue would be appreciably advanced by the requested discovery.'" *Emami*, 834 F.2d at 1452 (quoting *Quinn v. Robinson*, 783 F.2d 776, 817 (9th Cir. 1986)).

The source of the Court's authority to order discovery is not statutory, but rather derives from the Court's "inherent power to order such discovery procedures as law and justice require." *Oen Yen-Choy v. Robinson*, 858 F.2d 1400, 1407 (9th Cir. 1988). The Ninth Circuit has held that where the proposed topic of discovery does not "relate to an issue within the scope of the magistrate judge's authority to examine," it is not an abuse of discretion to deny discovery on that topic. *Prasoprat v. Benov*, 421 F.3d 1009, 1014-1015 (9th Cir. 2005).

//

### III.  AN ALIBI DEFENSE IS INADMISSIBLE IN EXTRADITION PROCEEDINGS

The defense is constrained in what it may present at an extradition hearing. *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978) ("Participation by the fugitive at the extradition proceeding is limited; he is not permitted to introduce evidence on the issue of guilt or innocence but can only offer evidence that tends to explain the government's case of probable cause."). Alibi evidence is in the category of evidence properly excluded from an extradition hearing because it is evidence that contradicts the submission of the foreign government. *Id.* at 1368 ("Thus, the extraditing court properly may exclude the evidence of alibi, of facts contradicting the government's proof, or of a defense such as insanity.").

☐ is precisely the type of contradictory evidence that the extradition court properly excludes from consideration at the extradition hearing. Admitting this type of evidence at the extradition hearing would require the Court to assess the credibility of the eyewitnesses to the murder in Iraq as well as ☐ This task of assessing credibility could quickly devolve into the type of dress-rehearsal for a trial disfavored by caselaw. Such a task is properly left to the prosecuting government at the time of trial. ☐

☐

Because the information in the government's possession would be inadmissible contradictory evidence, the government proposes the following means of disclosure to the defense.

### IV.  PROPOSED DISCLOSURE

In this case, the evidence in possession of the United States would not be admissible in this proceeding, and therefore could not negate a probable cause determination. Nevertheless, out of an abundance of caution, to mitigate future litigation risk, and to allow the certification process to proceed expeditiously, the United States proposes to produce to the defense: the witness's name, the witness's co-location with Ameen in Mersin, Turkey, and the witness's friendship with Ameen, ☐ The government proposes to make this disclosure in a letter to the defense

stating that this individual may have information relevant to any alibi defense Ameen may seek to raise at any future trial in Iraq. This disclosure would allow the defense to pursue any investigation it may seek to pursue into this topic, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## V.   CONCLUSION

For these reasons, the United States requests a determination by this Court that the United States fulfills any disclosure obigations it may have in this proceeding by providing a letter to the defense stating the name and relevant information described above.

Dated:  December 13, 2018                    McGREGOR W. SCOTT
                                             United States Attorney

                                        By:  /s/ Audrey B. Hemesath
                                             AUDREY B. HEMESATH
                                             HEIKO P. COPPOLA
                                             Assistant United States Attorneys


## [PROPOSED] ORDER

The government fulfills any disclosure obligation by providing a letter to the defense stating the name of the witness and information that would reveal his/her potential as an alibi witness.

IT IS SO ORDERED.


Dated: _____
                                             _____
                                             HON. EDMUND F. BRENNAN
                                             UNITED STATES MAGISTRATE JUDGE