McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Acting Associate Director
JOHN RIESENBERG
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO. 2:18-MJ-152 EFB<br><br>UNITED STATES' RESPONSE TO OMAR AMEEN'S REQUEST FOR COURT APPROVAL OF SUBPOENAS FOR REFUGEE DOCUMENTS PURSUANT TO 18 U.S.C. § 3191 |

To date, counsel for Omar Ameen have sought this Court's assistance in obtaining the following information as part of their investigation into the facts of the murder which underlies Iraq's extradition request:

- His full file in the possession of Turkish authorities at the immigration office in Mersin, Turkey (CR 29);

- All "usage records" held by the company Turkcell associated with his Turkish cell phone

1

- number, between May 2014 and August 2014, for all calls, texts, and data, including location information (CR 41);

- All "iCloud, iTunes, and any other Apple information" associated with his Apple account from April 2012 to November 2014 (CR 44);

- Facebook content and non-content associated with his Facebook account from May 1, 2014, to August 31, 2014 (*id.*);

- Skype content and non-content associated with his Skype account, unbounded by any date range or other temporal restriction (*id.*);

- WhatsApp content and non-content associated with his Turkish cell phone number, unbounded by any date range or other temporal restriction (*id.*);

- Yahoo content and non-content associated with his three Yahoo accounts from May 1, 2014, to August 31, 2014 (*id.*);

- Subscriber and content information associated with a Facebook account relating to ISIS social-media traffic (CR 61);[1] and

- Subscriber and transactional information associated with a Twitter account disseminating ISIS messages, unbounded by any date range or other temporal restriction (CR 65).[2]

They now request that this Court authorize another set of subpoenas pursuant to 18 U.S.C. § 3191 for his "entire" file or files, and all associated communications (including communications with agencies of the

---

[1] Counsel for Omar Ameen sought judicial approval to subpoena this information from Facebook pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et. seq.* Counsel asserted that the Federal Public Defender's Office is a "governmental entity" as defined in the SCA, which would make disclosure of this otherwise-protected information lawful. That assertion is incorrect. The Federal Public Defender is not a "governmental entity" pursuant to SCA's statutory scheme. *United States v. Amawi*, 552 F. Supp. 2d 679, 680 (S.D. Ohio 2008) ("'Governmental entity' is defined in 18 U.S.C. § 2711(4) as 'a department or agency of the United States or any State or political subdivision thereof.' The judiciary is not a department or agency of the United States; thus, the judiciary and its components, including the Federal Public Defender cannot obtain a court order under § 2703(d)."); *see also United States v. Pierce*, 785 F.3d 832, 842 (2d Cir. 2015) ("[T]he SCA provides that a governmental entity may require electronic communication service and remote computing service providers to disclose the contents of wire and electronic communications, and records and other information pertaining to a subscriber or customer . . . . The SCA does not, on its face, permit a [criminal] defendant to obtain such information.") (brackets, citations, and internal quotation marks omitted); *United States v. Nix*, 251 F. Supp. 3d 555, 559 (W.D.N.Y. 2017) (SCA "does not permit a defendant in a criminal case to subpoena the content of a Facebook or Instagram account"); *United States v. Wenk*, 319 F. Supp. 3d 828, 829 (E.D. Va. 2017) (granting Google's motion to quash subpoena by defendant for information associated with his own e-mail accounts, finding that "under the SCA a criminal defendant cannot couple user consent and a court ordered subpoena to compel disclosure from a provider").

[2] *See* n.1, *supra*.

U.S. government and the government of Turkey), held by the International Catholic Migration Commission, the International Organization for Migration, and the U.S. Conference of Catholic Bishops.  CR 74.

The sole provision in the extradition statutes permitting the issuance of subpoenas, 18 U.S.C. § 3191, contains a materiality requirement.  A fugitive must show that he or she "cannot safely go to trial without" the subpoenaed witnesses "whose evidence is material to his defense."  It has been established for well over a century that:

> The phrase . . . that he (the accused) cannot safely go to trial without them[] ([the] witnesses) cannot be construed as giving a right to a full trial in violation of treaty stipulations; but it must be confined to such a preliminary hearing only as was already allowable under the existing practice . . . such as is appropriate to a hearing having reference only to a commitment for future trial.

*In re Wadge*, 15 F. 864, 866 (S.D.N.Y. 1883) (internal quotation marks omitted) (*cited with approval in Charlton v. Kelly*, 229 U.S. 447, 461 (1913)), *aff'd In re Wadge*, 16 F. 332, 334 (C.C.S.D.N.Y. 1883) (upholding extradition court's refusal to grant an adjournment to enable the accused to procure depositions from abroad to raise an alibi defense).[3]

This interpretation of "materiality" in 18 U.S.C. § 3191 accords with the nature of an extradition proceeding pursuant to 18 U.S.C. § 3184:  a limited and preliminary hearing designed to determine simply whether the treaty requirements have been met, and whether the requesting country has submitted sufficient items to establish probable cause that a fugitive should be held over for a future trial abroad.[4]  As the government has previously explained, a fugitive's evidence going to affirmative

---

[3] *See also*, *e.g.*, *Jimenez v. Aristeguieta*, 311 F.2d 547, 556-57 (5th Cir. 1962) (applying 18 U.S.C. § 3191's materiality standard by reference to the limited nature of an extradition proceeding and the restrictions on a fugitive's evidence); *Gallina v. Fraser*, 177 F. Supp. 856, 868-69 (D. Conn. 1959) (applying standard by reference to the extradition proceeding).

[4] Of course, eyewitness identification of an offender is almost always more than sufficient to establish probable cause to hold a defendant (or an international fugitive) over for trial.  *See*, *e.g.*, *Luna-Ruiz v. Barr*, No. 17-55803, No. 17-55804, 2019 WL 719114, at *2 (9th Cir. Feb. 20, 2019) (describing two eyewitness identifications as "ample competent evidence to support the magistrate judge's determination that there was probable cause"); *In re Extradition of Luna-Ruiz*, No. CV-13-5059-VAP

defenses, such as alibi, is inadmissible in extradition proceedings. *See*, *e.g.*, *Santos v. Thomas*, 830 F.3d 987, 993 (9th Cir. 2016) (en banc) ("an individual contesting extradition may not, for example, *present alibi evidence,* facts contradicting the government's proof, or evidence of defenses like insanity, as this tends to call into question the credibility of the government's offer of proof") (emphasis added); *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978) ("[T]he extraditing court properly may exclude evidence of alibi . . . . Because of the limited function of an extradition proceeding and the limited participation permitted of the fugitive, the order [of extraditability] does not reflect a consideration of all the merits of the case."); *Desmond v. Eggers*, 18 F.2d 503, 506 (9th Cir. 1927) ( "Under the treaty and the act of Congress it was incumbent on the Canadian government to produce evidence of criminality only, and this it did by presenting the affidavits of two witnesses, who testified positively and unequivocally that the appellee committed the crime charged in their presence in British Columbia on a given date. Manifestly testimony tending to show that the appellee was not in British Columbia on that date would necessary tend to contradict the testimony of these witnesses."); *see also*, *e.g.*, *Eain v. Wilkes*, 641 F.2d 504, 512 (7th Cir. 1981) (denying fugitive's claim that the "magistrate's rejection of statements claiming that petitioner was in Ramallah on the day of the bombing" was error, holding "this evidence also is a matter for consideration at the trial, not the extradition hearing").

The evidence sought by the letters rogatory and subpoenas can only be construed as an attempt to raise such an impermissible defense. Indeed, Omar Ameen's counsel could continue to investigate this matter indefinitely – and thereby thwart the United States' treaty obligations – by seeking them in endless numbers, always representing to this Court that their efforts to demonstrate his innocence were just around the corner. While the government raised these concerns in response to Omar Ameen's request for a letter rogatory (CR 32) and at the February 4, 2019, hearing in this matter (Transcript at 29-

---

(AJW), 2014 WL 1089134, at *7 (C.D. Cal. Mar. 19, 2014) ("The statement of even a single eyewitness identifying the accused can establish probable cause even if the witness's credibility is open to question.") (citing *Barapind v. Enomoto*, 400 F.3d 744, 752 (9th Cir. 2005)).

31, 41), it does so again here, in light of his counsels' ongoing attempts to turn these extradition proceeding into a "capital murder" case and an inappropriate referendum on his guilt or innocence.[5] Counsel may certainly continue any investigation they deem appropriate to prepare their client for trial abroad on the merits, but the extradition hearing should not be further delayed on account of their efforts to collect inadmissible evidence.

Accordingly, the government files this response reasserting its position and opposing the most recent request for subpoenas (CR 74).

Dated:  March 7, 2019

McGREGOR W. SCOTT
United States Attorney

By: */s/ John D. Riesenberg*
JOHN D. RIESENBERG
Trial Attorney
CHRISTOPHER J. SMITH
Acting Associate Director
Office of International Affairs

AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

---

[5] *See* February 4, 2019, Transcript at 40 (speculating without basis that "execution is certain" following Omar Ameen's extradition); CR 40 at 1 (asserting that the defense has been "investigating a capital murder case from scratch"); CR 76 at 11-12 (declaring that Omar Ameen is "charged with capital murder" and is "innocent").