UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE
EXTRADITION OF OMAR
ABDULSATAR AMEEN TO THE
REPUBLIC OF IRAQ

No. 2:18-mj-152-EFB

ORDER

Several motions are set for hearing on March 20, 2019. They include Mr. Ameen's motion to enforce and to compel the filing of unredacted documents (ECF Nos. 76 and 77) and *The Sacramento Bee*'s ("*The Bee*") motion to intervene and motion to unseal documents (ECF No. 81). On March 6, 2019, the government filed a statement withdrawing its opposition to the unsealing of the documents at issue in theses motions. ECF No. 92. As to intervention, the government argues in its recent filing that the relief sought is now moot and therefore intervention is unnecessary. In light of the government's filing (ECF No. 92), the court has determined that these motions can be resolved without oral argument. Accordingly, the hearing is vacated. However, as discussed below, a status conference will be held instead of the hearing.

For the reasons stated hereafter, *The Bee*'s motion to intervene is granted, and Ameen's and *The Bees's* motions to unseal documents are granted. The Clerk of Court will be directed to unseal the documents at ECF Nos. 26, 68, 88, & 89.[1]

---

[1] The filing at ECF No. 89 is a transcript of a closed, *ex-parte* hearing that occurred contemporaneously with the *in camera* hearing (transcript at ECF No. 88) on February 12, 2019.

1

## The Bee's Motion to Intervene

*The Bee* seeks to intervene to pursue three objectives: (1) the unsealing of all sealed judicial records in this action; (2) requiring that all future events and judicial records in this action be publicly docketed; and (3) all proceedings in this action be open to the public. ECF No. 81 at 3. *The Bee* notes that it has covered Mr. Ameen's arrest and extradition proceedings from inception and argues that its coverage has been impeded by the government's filing of documents under seal. *Id.* at 4 & 5. *The Bee* also notes that not all of the government's filings have appeared on the public docket and states "it is not clear whether the parties have provided other documents to the Court, and if so, how many such documents exist." *Id.*

For reasons explained further in the following section, *The Bee's* motion to intervene for the limited purpose of litigating First Amendment and common law rights of access to court filings and proceedings is granted.[2]

## The Bee's and Ameen's Motions to Unseal

The government, by way of its statement of non-opposition (ECF No. 92), has indicated a willingness to unseal all of the documents currently at issue. Accordingly, those documents as specified above are ordered unsealed. *The Bee* also requested an order that requires all future filings in this action to be on the public docket and not under seal. That request is denied as premature. As of the date of this filing, there are no other sealed documents, requests to seal, or anticipated closed hearings. Thus, there is no specific sealing request that is ripe for decision. The court recognizes that a future request might be made for a closed hearing or to submit documents or evidence under seal. But at this point no such motion or request is before the court. However, with the granting of *The Bee's* motion to intervene it is free to file an opposition to any such future motion or request.

---

In its statement of non-opposition, the government indicated that it had no opposition to the filing of "the complete hearing transcripts" on the public docket. ECF No. 92 at 2. Thus, this document will be unsealed as well.

[2] In granting *The Bee* permission to intervene, the court finds that it acted timely. ECF No. 87.

With this resolution of *The Bee's* motions and Ameen's similar request for unsealing of documents, hearing on those motions, set for March 20, 2019, is vacated.

Ameen's Motion to Compel

In reviewing both the government's non-opposition and Mr. Ameen's motion to compel, the court sees no remaining disputes that need be resolved. And, in his memorandum filed March 7, 2019, Mr. Ameen states that unsealing the documents at ECF Nos. 26, 68, 88, & 89 will "finally address [his] objections to the sealing of various documents related to ECF No. 26." Given that the court is ordering this relief it is effectively granting the motion.[3]

Status Conference

Ameen's March 7, 2019 memorandum requests that a status conference be held on March 20, 2019, in lieu of the hearing that has become moot by this order. Ameen requests the status conference to address possible modification of the protective order, either by stipulation or a motion. *Id.* at 4. The request for a conference is granted.

The hearing on the above motions (which have been resolved by this order) is vacated. A status conference is set for March 20, 2019, at 1:30 p.m. The parties shall continue with their efforts to narrow or resolve the question of modification prior to the conference.

Conclusion

Accordingly, IT IS ORDERED that:

1. *The Bee*'s motion to intervene (ECF No. 81) is granted.
2. Ameen's motion to compel and to enforce the order at ECF No. 33 (ECF No. 76) is granted. Ameen's motion to file an unredacted letter in support of his motion to compel (ECF No. 77) is denied as moot.
3. *The Bee*'s (ECF No. 81) motion to unseal is GRANTED IN PART as specified in paragraph 4, below. *The Bee*'s motion is otherwise DENIED WITHOUT PREJUDICE.

---

[3] Ameen's memorandum filed on March 7, 2019 notes the government's recent concession and appears to implicitly acknowledge that Ameen's motions have been resolved.

3

4. The Clerk of Court is directed to unseal the documents (in their entirety) at ECF Nos. 26, 68, 88, & 89.

5. Hearing on the above motions is VACATED. A status conference is set for March 20, 2019, at 1:30 p.m. in Courtroom No. 8.

DATED: March 8, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE