UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATAR AMEEN TO THE REPUBLIC OF IRAQ

No. 2:18-mj-152-EFB

ORDER

Omar Ameen moves to unseal search warrants, affidavits, and related documents ("motion"). ECF No. 101. The *Sacramento Bee* ("*Bee*") has joined in that motion (ECF No. 105) and the government has filed an opposition thereto (ECF No. 102). For the reasons stated hereafter, the motion is denied.

Background

I. Ameen's Position

Ameen requests that the court unseal two search warrants and their supporting affidavits which the government has made available to his counsel pursuant to a protective order[1] entered in this case. ECF No. 101 at 2. Ameen anticipates filing future pleadings in which he might want to cite, quote, and/or discuss content within those warrant materials.[2] *Id.* at 4. He states that the

---

[1] The relevant protective order was entered on August 16, 2018. ECF No. 12.

[2] As a practical matter, there are methods by which Ameen may reference the materials from the two warrants that his counsel have seen. As discussed at the hearing, the court, having issued the warrants, is in possession of copies of the same. Ameen's counsel may reference, where necessary, to content in the warrants by page and line. The court can then evaluate whether and how that content bears on the question of probable cause.

1

government's position is that the current protective order precludes his counsel from quoting or discussing the warrants on the record. *Id.* Thus, he moves to unseal the documents.

Ameen also relies on the general proposition that the public has a strong interest in monitoring the functions of the courts and government agencies. *Id.* at 3.

##  II. The Government's Position

For its part, the government argues that the search warrant materials are properly sealed as part of a separate, pre-indictment criminal investigation. ECF No. 102 at 4. It states that "[t]he defense is aware of the search warrant materials because the United States provided the search warrants affidavits to the defense as a courtesy." *Id.* at 5. It adds that reference to those warrants in this extradition proceeding would be improper insofar as:

> The recitations in the search warrant affidavits relate to violations of Unites States criminal code sections. The allegations in the search warrant materials contain information obtained from the United States' criminal investigation of Omar Ameen that are not public, that are based at least in part on witness statements that are sensitive, and, not least, that are irrelevant to the extradition proceedings.

*Id.*

## III. The Sacramento Bee's Position

Joining in Ameen's motion, the *Bee* argues that the warrant materials at issue should be unsealed because the First Amendment and common law rights of access apply to the materials. In particular, the *Bee* argues that these warrant materials should no longer remain under seal insofar as they "relate to this proceeding and not a separate, ongoing investigation." ECF No. 105 at 2-3.

## Analysis

As argued by Ameen and the *Bee,* there is a First Amendment and common law right of access to court filings. However, that right applies to warrant materials only *after* an investigation has ended and an indictment has been filed. The U.S. Court of Appeals for the Ninth Circuit has held that "the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is still ongoing."

/////

*Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) [3]; *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (noting that warrant materials related to a pre-indictment investigation fall into the "narrow range of documents not subject to the right of public access . . . ."). The *Bee* notes that Ameen has already been arrested and that a complaint for extradition has been filed and argues that these proceedings are "in substance, a post-investigation and post-indictment case." ECF No. 105 at 3. It contends that the extradition filings that instigated this case are the "functional equivalent of an indictment for the purposes of the First Amendment analysis . . . ." ECF No. 105 at 3. The court finds these contentions unconvincing for two reasons.

First, although Ameen was arrested and is facing extradition proceedings based on the charges pending in Iraq, search warrants were issued for the independent purpose of investigating possible violations of criminal statutes of the United States. At the March 20, 2019 hearing, the government's counsel confirmed that investigations related to the warrant materials are, in fact, ongoing. And in its opposition, the government states that the warrant materials pertain to the question – separate from this proceeding – of whether United States criminal code sections were violated. ECF No. 102 at 5. Further, the court, having read the supporting affidavits and issued the warrants in question, notes that the warrants were obtained for the stated purpose of investigating violations of certain specified sections of Title 18 of the United States Code. While there may be some relationship or overlap of the suspected violations of laws of the United States (for which the search warrants were issued) and the charges pending in Iraq, the investigation of violations of United States criminal statutes is separate and independent of the Iraq proceedings. In short, the investigation as to violations of federal criminal statutes continues and is clearly at a preindictment stage and therefore the warrants remain properly under seal. *Kamakana v. City & County of Honolulu*, 447 F.3d at 1178; *Times Mirror Co. v. United States*, 873 F.2d at 1216.

/////

---

[3] In the same case, the Ninth Circuit also declined to hold that either the common law or Rule 41 of the Federal Rules of Criminal Procedure afforded a qualified right of access to warrant materials. 873 F.2d at 1218-1220.

Second, a substantial body of case law supports the notion that extradition proceedings, contrary to the *Bee*'s contention, are not analogous to a criminal prosecution or indictment. *See, e.g.*, *Charlton v. Kelly*, 229 U.S. 447, 459-462 (1913) ("We are not sitting in this court on the trial of the prisoner, with power to pronounce him guilty and punish him or declare him innocent and acquit him. We are now engaged simply in an inquiry as to whether . . . there was legal evidence before the commissioner to justify him in exercising his power to commit the person accused to custody to await the requisition of the Mexican government.") (quoting *Benson v. McMahon*, 127 U.S. 457, 463 (1888)); *Bingham v. Bradley*, 241 U.S. 511, 517 (1916) (indicating that an extradition hearing is more akin to a grand jury investigation into the existence of probable cause); *Kraiselburd*, 786 F.2d at 1399 ("[T]he analogy between this case, an extradition proceeding, and . . . a federal criminal prosecution, is not a compelling one . . ."); *Kamrin v. United States*, 725 F.2d 1225, 1227-28 (9th Cir. 1984) (holding that, because an extradition proceeding is not a criminal case, the Bail Reform Act of 1984 does govern).

The *Bee* also contends that "[p]ublic access to [the warrant materials] would be harmless . . . because the defense already has them." ECF No. 105 at 6. This argument is no more persuasive. First, Ameen's motion indicates that it seeks to unseal not only the warrants his counsel have been shown, but any "additional search warrants in this case" that he has not seen. ECF No. 101 at 2 n.3. Thus, to the extent that other pertinent warrant materials exist – and this order should not be taken to imply as much – their disclosure would not be harmless under the *Bee*'s logic. Second, the sealed warrant materials disclosed to Ameen's counsel remain subject to the protective order in this case. This form of limited disclosure is, for obvious reasons, not analogous to unsealing these materials and placing them wholly within the public access.

## Conclusion

Consistent with the foregoing, IT IS ORDERED that Ameen's motion to unseal search warrants, affidavits, and related documents (ECF No. 101) is DENIED.

DATED: March 21, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4