McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Acting Associate Director
JOHN RIESENBERG
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO.   2:18-MJ-152 EFB<br><br>NOTICE OF MOTION AND MOTION TO STRIKE SEARCH WARRANT MATERIALS FROM PLEADING<br><br>Date: May 7, 2019<br>Time: 10:00 a.m.[1]<br><br>Honorable Edmund F. Brennan |

The United States files this motion to strike Exhibit A and certain portions of Omar Ameen's

---

[1] To the extent possible, the United States requests immediate resolution of this motion without oral argument.

1

motion to compel (CR 116, 116-1).  The defense has violated the protective order in place in this case by discussing in a public pleading the contents of sealed search warrant materials provided exclusively to defense counsel under the terms of the protective order.  CR 12.

On April 12, 2019, the United States transmitted the attached proposed order to the Court, seeking an emergency striking of the information in the defense Exhibit A.  Attachment A (United States' Emergency Motion to Strike).  The intent of the United States, as communicated to the Court, was to file the Emergency Motion on the public docket close in time to when the Court might be available to take action on the Motion, to avoid drawing unwarranted attention to the sensitive information in document 116.  From April 15-24, 2019, the United States and the defense communicated about the possibility of stipulated redactions to the pleading.  The parties were in the midst of discussing proposed redactions when the defense publicly filed document 126, which has the effect of doing exactly what the government has been trying to avoid: drawing attention to the sensitive materials in document 116.

The protective order in this case requires that the United States' search warrant affidavits not be revealed to any other person, to include discussion in a public pleading, without either (1) consent of the government; or (2) a Court-ordered modification of the terms of the protective order.  CR 12.  Neither of those things happened in this case.  At a recent hearing in this case, the Court indicated the defense could cite to page and paragraph numbers of the search warrant materials if necessary, but the Court did not authorize an accompanying discussion of the contents of the search warrant materials.  CR 106, CR 125 (transcript at pg. 10-11).  To the contrary, the Court signaled caution about doing the exact thing the defense has now done: "I do not want to enter an order that would put on the public docket information that could endanger witnesses or persons who are in Iraq."  CR 125 at 10.  At that juncture in the hearing, the United States had just concluded a discussion of the mechanics of the protective order, clearly signaling that the procedure outlined in that order are the procedures to be followed.  CR 125 at 9-10.  The Court acknowledged the government's concerns about witness safety, and invited the defense to take up any concern with protected material *in camera*.  CR 125.

What the defense has done is an end-run around the Court's order denying the defense motion to

unseal the search warrant materials. CR 107.  By engaging in detailed discussion of the contents of the search warrant affidavit—to include making a grid divulging identifying information about each witness relied upon in that affivadit—the defense has essentially unsealed selective portions of that affidavit, and now refuses to to agree to any redaction of that sensitive material.  This litigation style is concerning, as it makes clear that the United States cannot control the dissemination of its protected materials.

       The defense argument that their pleading did not divulge personally identifying information, and therefore there is no witness safety issue is intentionally myopic.  Defense counsel are as seasoned defense attorneys as exist in this district and are better aware than anyone that witness safety information encompasses more than names, addresses and birthdates.  Information that may appear benign to the ordinary reader of a pleading may be easily decipherable by the fugitive, by his family members, or by his associates.  In any event, it is not incumbent upon the government to justify the safety reasons for striking the sealed material from the public docket.  It is the defense that must explain why document 116 should be allowed to stand.  The defense made a choice to breach the terms of the protective order that they agreed to, rather than either (1) await the results of their motion to modify that protective order; or (2) consult with the government about using the sealed search warrant material in a pleading; or (3) seek authorization from the Court to do so.  The defense then compounded the problem by publicly filing an additional document calling attention to the sensitive materials in document 116.

       The United States therefore requests that CR 116 be replaced with the attached redacted version, and that the Court maintain under seal the unredacted version for its consideration of the substance of the defense Motion to Compel.

Dated: April 24, 2019

McGREGOR W. SCOTT
United States Attorney

By: */s/ Audrey B. Hemesath & Heiko P. Coppola*
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

[PROPOSED] ORDER

The Clerk of the Court is ordered to replace the documents currently found at CR 116 & 116-1 with the attached redacted versions.

_____
HON. EDMUND F. BRENNAN
United States Magistrate Judge

4