UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE
EXTRADITION OF OMAR
ABDULSATAR AMEEN TO THE
REPUBLIC OF IRAQ

No. 2:18-mj-152-EFB

ORDER

Pending before the court is the government's motion to strike. ECF No. 127. Therein the government requests that certain portions of Ameen's motion to compel (ECF No. 116) and "Exhibits A & I" (ECF No. 116-1 at 2-3, 23) be stricken from the record insofar as both reference information derived from sealed search warrant materials that were provided to counsel for Ameen under the protective order (ECF No. 12) in this case. ECF No. 127 at 1-2. For the reasons stated hereafter, the government's motion is denied.

## Background

The information which the government seeks to redact from the motion to compel primarily concerns numeric identifiers used to refer to unnamed witnesses in search warrant materials. For instance, the motion to compel makes numerous references to "Person 5" – a witness who gave a statement implicating Ameen in the murder relevant to this case. *See*, *e.g.*, ECF No. 116 at 11-12. The government seeks to strike each reference to "Person 5." Other numbered "persons" are also referred to, and the government seeks to redact each of those references as well. *Id.* at 13 (referencing "Person 7"); 39 (referencing "Person 3"); 40 (referencing "Person 1"). The most substantive redactions concern an individual designated

"Person 4" – who gave statements related to alleged terrorist activity by and/or connections with Ameen's family. ECF No. 116 at 39. Counsel for Ameen states that Person 4 received immigration/financial benefits in exchange for their statements against Ameen. *Id.* The government seeks to strike both the reference to "Person 4" and any statements regarding benefits they may have received in exchange for testimony.

The first exhibit the government seeks to strike is a chart – just over one page long – which lists "Persons 1-8." ECF No. 116-1 at 2. The chart provides a brief description of each "person" that indicates their connection to the case; none of the descriptors provide specific, identifying information such as name, age, or gender. Some of the descriptors do indicate an occupation (or former occupation). For instance, the chart states that "Person 1" is a "[f]ormer member of [the] Iraqi Security Force." ECF No. 116-1 at 2. Other descriptors state where a witness lives or lived. By way of example, the chart states that "Person 6" "lived or lives in Rawah." *Id.*

The second exhibit is also a chart, this one listing documents referred to in the FBI search warrant affidavits. ECF No. 116-1 at 23. The chart lists the document – "United Nations Oil for Food Records," for instance – and offers a short, vague description. *Id.* The foregoing documents is, for example, described only as "Accounting of Ameen family." *Id.*

The government argues that the foregoing information is derived from sealed search warrant materials. ECF No. 127 at 2. It states that the current protective order prohibits referencing those materials in public filings without either: (1) the government's consent; or (2) a court-ordered modification of the protective order, neither of which was obtained in this instance. *Id.* The government cites this court's recent order denying Ameen's motion to unseal search warrants, affidavits, and related documents (ECF No. 107) and states that the immediate references to those materials are an "end-run around" that order. ECF No. 127 at 2. Finally, the government contends that the witness information at issue – which "may appear benign to the ordinary reader" – could prove "easily decipherable by the fugitive, by his family members, or by his associates." *Id.* at 3.

/////

| | |
|---|---|
| 1 | Counsel for Ameen states that the information the government seeks to strike is |
| 2 | "incredibly vague and unhelpful in determining witness identity," ECF No. 128 at 2, arguing that, |
| 3 | if the witnesses could be identified from this information alone, the defense would not have filed |
| 4 | a motion seeking disclosure of those identities pursuant to the discovery process. *Id.* Finally, |
| 5 | counsel for Ameen points out that pseudonyms like the ones at issue are commonly used and |
| 6 | uncontroversial in judicial proceedings. *Id.* |

Analysis

Despite the government's characterization of its motion as one "to strike," it is effectively asking the court to seal portions of Ameen's motion and exhibits thereto. Rule 12(f) of the Federal Rules of Civil Procedure, which governs motions to strike, provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). The government is not asking the court to strike material from Ameen's motion because it falls into any of the foregoing categories; it is requesting that allegedly sensitive information be redacted. Thus, the court must weigh the alleged risk to witness safety against the presumption of public access.

As a general matter, the Ninth Circuit has held that there exists a strong presumption in favor of public access to court records. *See*, *e.g.*, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)) (internal quotation marks omitted). Certain classes of documents have been exempted from the presumption of openness, however, including warrant materials in a pre-indictment investigation. *See Times Mirror Co. v. United States*, 873 F.3d 1210, 1219-20 (9th Cir. 1989). Even those materials which are traditionally kept secret are

1  not "sacrosanct," however. *Kamakana*, 447 F.3d at 1185.  The Ninth Circuit has held that

2  "[s]imply invoking a blanket claim, such as privacy or law enforcement, will not, without more,

3  suffice to exempt a document from the public's right of access." *Id.*

4       Had Ameen filed pre-indictment warrant materials in whole or explicit part, the question

5  might be an easier one.  But, to their credit, that is not what his counsel did.  Instead (and as noted

6  *supra*), the motion and the relevant exhibit are content to make references to witnesses and their

7  relevant testimony while taking pains not to reveal name, gender, age, or other information that

8  would, to a casual reader, provide a ready means of identification.  The court recognizes the

9  government's concern that certain individuals with intimate knowledge of the case might find

10 significance in statements that others would consider banal.  But, for the reasons stated hereafter,

11 the government has failed to justify its proposed redactions.

12       First, the court disagrees with the government's contention that it is Ameen's counsel who

13 bear the burden of establishing why the motion to compel and exhibit should be allowed to stand

14 unredacted.  ECF No. 127 at 3.  The government is the moving party and, as such, it bears the

15 burden of explaining why it is entitled to the relief it seeks.  "The proponent of sealing bears the

16 burden with respect to sealing. A failure to meet that burden means that the default posture of

17 public access prevails." *Kamakana*, 447 F.3d at 1182.

18       Second, the government's reliance on the protective order (ECF No. 12) to justify sealing

19 is misplaced.  Reliance on a blanket protective order – like the one in this case – will not, standing

20 alone, justify sealing documents.  *See Foltz v. State Farm Mutual Auto Insurance Company*, 331

21 F.3d 1122, 1138 (9th Cir. 2003) ("Because State Farm obtained the blanket protective order

22 without making a particularized showing of good cause with respect to any individual document,

23 it could not reasonably rely on the order to hold these records under seal forever.").

24       Third, the court rejects the government's conflation of its previous order denying Ameen's

25 motion to unseal the search warrants (ECF No. 107) with the issue at hand.  In its previous order,

26 the court denied Ameen's request to completely unseal the search warrants and accompanying

27 documents.  *Id.*  Here, Ameen has offered limited references to those materials without placing

28 them wholly within the public access.  This difference in degree is so significant as to effectively

be one in kind. Thus, the court finds that its previous order does not control or dictate the outcome of this issue.

Fourth and most importantly, the government's contentions regarding the threat posed to witnesses by the unredacted material is not sufficiently particularized. The court, armed only with the general statement that "[i]nformation that may appear benign to the ordinary reader of a pleading may be easily decipherable by the fugitive, by his family members, or by his associates," cannot fulfill its obligation to undertake a reasoned analysis. The government's choice to stand on axiom rather than specific argument is, in effect, a request that the court take the government at its word. The court recognizes that the government may be privy to information about threats to witness safety that it cannot cite on the public docket, but it still behooves the government to put that information before the court – even, if necessary, by way of *in camera* argument. To hold otherwise would be to shirk the court's independent obligation to protect public access wherever such access is consistent with federal law.

## Conclusion

Consistent with the foregoing, IT IS ORDERED that:

1. The government's motion to strike (ECF No. 127) is DENIED without prejudice;

2. The temporary seal enacted by the court's April 25, 2019 minute order (ECF No. 129) is lifted and the Clerk of Court is directed to place ECF Nos. 116 & 116-1 back on the public docket;

3. As in the original filing, Exhibits B, C, & L to the motion to compel (ECF No. 116-1 at 4-5, 33) shall remain under seal and Exhibits D, E, F, & G (*id.* at 7-9, 11-13, 15-16, 18-20) shall remain redacted subject to change only by future court order; and

4. In light of the foregoing, Ameen's request to seal (ECF No. 113) is DENIED as MOOT.

DATED: May 7, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5