HEATHER E. WILLIAMS, #122664
Federal Defender
BENJAMIN D. GALLOWAY, #214897
Chief Assistant Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax: 916-498-5710

Attorneys for
OMAR AMEEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ, | Case No.  2:18-mj-152 EFB<br><br>AFFIDAVIT IN SUPPORT OF REQUEST FOR SUBPOENA FOR DEFENSE WITNESSES UNDER 18 U.S.C. § 3191 and MOTION FOR LIMITED RECONSIDERATION OF MOTION TO COMPEL<br><br>Judge: Hon. Edmund F. Brennan |

I, Rachelle Barbour, do declare the following:

1. I am an Assistant Federal Defender appointed to represent Mr. Ameen in this case since August 16, 2018.

2. Person 5 is the pseudonym for the purported eyewitness who claims to have seen Mr. Ameen shoot the victim in Rawah, Iraq, on June 22, 2014.  Person 5 allegedly testified to the Iraqi court on April 15, 2014, and purportedly signed three documents in the original Iraqi Extradition Packet on that day.  Those signatures have been marked as Exhibit 42.1, and are being attached (under seal) to this Affidavit as 42.1-A, 42.1-B, and 42.1-C, for clarity.  Exhibit 42.1-A is the signature on the first page of the witness's signed statement to the Iraqi court.  Exhibit 42.1-B is the signature on the second page of the witness's signed statement to the Iraqi court.  Exhibit 42.1-C is on a different page, which purports to be signed on the same date, and is titled "Identification Record."

3. Person 5's purported statement from September 2017 is marked as Exhibit 42, and attached (under seal) to this Affidavit.

4. The statement at Exhibit 42 was produced to the defense on May 10, 2019, despite having been requested on August 31, 2018.  On that date, defense counsel made a

1

specific request to Government counsel for prior statements by Person 5.  The defense specifically requested "[o]ther statements by the 'eyewitness,'" for the following reason: "since the FBI interviewed [Person 5] in October 2017 and the Iraq statement isn't until 4/15/18, we're figuring that there are earlier statements taken by local Iraq authorities that were provided to the FBI. . . ."  Government counsel unambiguously responded, "No other eyewitness statements," on September 4, 2018, and "There are none" on September 5, 2018.  Last Friday, the Government produced Exhibit 42, as well as a purported statement of Witness A (Exhibit 43).  The Government acknowledged to the defense that the FBI has had these statements since September 2017.

5.  Witness A's purported statement from September 2017 is marked at Exhibit 43, and attached (under seal) to this Affidavit.  Even a layperson can look at this signature and see that Exhibit 42 and Exhibit 43 bear the same signature, although they claim to be by two different witnesses.  Similarly, a layperson can look at the signature in Exhibit 42, and see that it does not match the signatures on Exhibits 42.1-A, 42.1-B, and 42.1-C, and that the signatures on 42.1-C, does not match the other ones in the Extradition Packet. The defense is in the process of hiring a handwriting expert to view the documents, including the originals if available, and provide an opinion about the signatures.

6.  Witness A provided a handwritten statement directly to the defense team.  It is marked at Exhibit 34, and a redacted version is attached to this filing.  (An unredacted version has been provided to the Court and Government previously).  Witness A's known signature – provided to the defense team on his/her handwritten statement – does not match his/her purported signatures on Exhibit 43.  It also does not match his/her purported signatures from the original Arabic Extradition Packet, which are marked as Exhibit 43.1, and being provided to the Court attached to this affidavit as Exhibits 43.1-A and 43.1-B (under seal) for ease of reference.

7.  It is critical to have explanatory evidence regarding who actually gave statements to the Iraqi court, who actually spoke with the FBI on October 23, 2017, and the provenance of statements from September 2017 (Exhibits 42 and 43) that match none of the witness's statements from the Extradition Packet and appear to be complete forgeries.  This is especially true given the compelling evidence that Mr. Ameen was not in Rawah, Iraq, at the time of the offense.  Moreover, the Government has conceded in its filing at Document 6, page 21, footnote 6, that an Iraqi witness provided a forged official document to an FBI Special Agent, who then interviewed two other Iraqi witnesses who disclosed the forgery.

8.  The Government has indicated that one FBI Special Agent (FBI Special Agent 1 on the Witness List) obtained Person 5's handwritten statement in September 2017, interviewed Person 5 on October 23, 2017, and wrote a follow up 302 regarding Person 5's interview in May 2018.  The Government has indicated that a second FBI Special Agent (FBI Special Agent 2) also interviewed Person 5 on October 23, 2017.  The Government has

indicated that FBI Special Agent 3 obtained a forged document from an Iraqi witness and investigated that forged document by speaking with two Iraqi witnesses who revealed the forgery.

9. FBI Special Agent 1 has also been identified to the defense as being the agent who drafted the delayed identification report on May 24, 2018, about a procedure engaged in with Person 5 in October 2017.  The extradition packet contains photographs of other suspects that are dated May 22, 2018, but were supposedly shown to Person 5 on April 15, 2018.  Further, the signature of Person 5 on the identification report in the extradition packet does not match other signatures imputed to him/her.

10. The defense requests Court authorization to call these Special Agents as explanatory witnesses, and requests that the Court compel the Government to provide the defense the names of these witnesses, so that the defense may properly subpoena them and comply with Department of Justice regulations regarding the testimony of its employees.

11. Should the Court require additional information, I request leave to supplement this affidavit.

I affirm that the above is true and correct to the best of my personal knowledge.

DATED: May 16, 2019, in Sacramento, California.

*/s/ Rachelle Barbour*
RACHELLE BARBOUR

Affidavit of Defense Counsel (Defense Witnesses) – *US v. Ameen*