UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATAR AMEEN TO THE REPUBLIC OF IRAQ

No. 2:18-mj-152-EFB

ORDER

Pending before the court is the government's request to add an exhibit and witness deadline. ECF No. 198. Therein, the government proposes a deadline of October 22, 2019 for submission of those lists and exchange of proposed exhibits. *Id.* at 1. Counsel for Ameen has filed a response wherein it argues that the court should set a deadline of November 18, 2019 – the same date the defense supplemental brief is due. ECF No. 201 at 2.[1]

The court notes that the majority of both filings is devoted to litigating alleged improper conduct between the witness known as "Person 5" and a member of the defense investigatory team.[2] ECF No. 198 at 2-4, ECF No. 201 at 2-5. The parties offer competing versions of the defense investigators' contact with Person 5 and the court finds it unnecessary (and, indeed, impossible) to resolve them at this time.

---

[1] Ameen also argues that the government should be made to submit its own lists on October 29, 2019 – the date its own supplemental brief is due. ECF No. 201 at 2.

[2] This issue was brought to the court's attention for the first time at the October 7, 2019 status hearing. The government argues that an earlier cut-off will mitigate potential witness safety concerns engendered by the defense investigation. ECF No. 198 at 2-4. The defense argues that its contacts with Person 5 were legitimate, essential to a complete investigation, and entirely compliant with the protective order. ECF No. 201 at 3-5.

1

Turning to the parties' more grounded arguments, both argue that their proposed deadlines will obviate confusion and lead to a more efficient hearing process. ECF No. 198 at 4, ECF No. 201 at 6. Having considered those arguments, the court finds it appropriate to set a single deadline for witness lists and exhibits for both parties. That deadline will be November 4, 2019 – approximately[3] thirty days before the hearing is to occur. This cut-off is consistent with the Federal Rules of Civil Procedure[4] which provide that such disclosures should be made at least thirty days before trial. *See* Fed. R. Civ. P. 26(a)(3)(B). And setting the deadline before both parties' briefs are due will ensure that those filings can weigh and discuss all potential evidence. Any proposed additions past that date will be allowed only after a showing of good cause for their earlier omission is made. And, obviously, the court retains the discretion to exclude those exhibits or witnesses which would offer only redundant, irrelevant, or otherwise non-admissible evidence. *See*, *e.g.*, *Hooker v. Klein*, 573 F.2d 1360, 1369 (9th Cir. 1978) ("Admission of evidence proffered by the fugitive at an extradition proceeding is left to the sound discretion of the court, guided of course by the principle that evidence of facts contradicting the demanding country's proof or establishing a defense may properly be excluded.").

Accordingly, it is ORDERED that the parties shall submit their exhibit and witness lists no later than November 4, 2019. Copies of proposed exhibits should also be exchanged between the parties by that date.

DATED: October 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Thirty days prior to the December 2, 2019 hearing is November 2, 2019. November 2, however, is a Saturday. Thus, the court will set the deadline for the following Monday.

[4] The court recognizes that the Federal Rules (either Criminal or Civil) do not necessarily overlay an extradition hearing in a neat way. *See, e.g., Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016). Nevertheless, it finds the deadline set forth in the civil rules a useful guidepost.

2