McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Associate Director
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO.   2:18-MJ-152 EFB<br><br>Date: December 4, 2019<br>Time: 10:00 a.m.<br>Hon. Edmund F. Brennan |

NOTICE OF FILING

1

The United States hereby files a second supplement to the request by the Republic of Iraq for the extradition of Omar Ameen.[1]

As the government explained in its Further Memorandum in Support of Extradition (CR 205) and its subsequent Reply (CR 229), the original extradition request and first supplement thereto amply establish probable cause that Ameen committed the murder for which his extradition is sought. Thus, the Court may certify Ameen's extradition based solely on those documents.

However, the government is submitting a second supplement, a copy of which was just recently provided to the U.S. Department of Justice, in advance of the continued extradition hearing for the Court's awareness and consideration to the extent it may be helpful.

In the supplement, Judge Dihya, the Iraqi judge responsible for handling the investigation into the murder of which Ameen is accused, provides information relating to an additional witness from the time of the murder. Judge Dihya states that, on October 30, 2019, the FBI Legal Attaché in Baghdad provided him with a summary of a statement given by an individual who has been referred to in previously-filed documents as Person 1. The statement by Person 1 was given to the FBI as part of the U.S. criminal investigation into Ameen.

In the second supplement, Judge Dihya notes that Person 1 has not yet given a statement in the Iraqi proceeding against Ameen because Person 1 has received threats that he will be killed if he so testifies. However, Judge Dihya states that the information provided by Person 1 to the FBI has been incorporated into the evidence in the Iraqi case against Ameen, and that Person 1 will later be brought before the Iraqi court.

Judge Dihya attaches the summary of Person 1's statement provided to him by the FBI.[2] That summary indicates that Person 1 informed the FBI that he is currently a colonel in the Tribal Mobilization Forces (TMF) in Iraq and that he knew Ameen as a child. On or around the time ISIS seized control of Rawah, Person 1 saw a three-vehicle ISIS convoy pass by his house as he was standing outside of it. He saw Ameen, whom he knew to be an ISIS commander at that time, sitting in the

---

[1] A placeholder for this supplement was noted in the government's exhibit list. *See* CR 207.
[2] The government made the FBI 302 that memorializes this statement available to counsel for Ameen at the outset of these extradition proceedings.

passenger seat of one of the vehicles.  Person 1 saw the convey proceed down the street and stop near the house of Ihsan Abdulhafiz Jasim ("Ihsan").  He then heard a burst of gunfire.  Because he was fearful that Ameen would try to kill him next, he fled the area.  Person 1 later learned that Ihsan had been killed in the gunfire.

Judge Dihya's statement has been received and stamped by the President of the High Judicial Council.  The U.S. Department of Justice understands that the second supplement to the extradition request has been sent to Iraq's Ministry of Foreign Affairs, which is in the process of sending it to the U.S. Department of State.  The version of the supplement attached hereto is an advance copy of the documents that are currently being sent through the diplomatic channel.  Once those documents have been certified and received by the Department of State, they will be automatically admissible in this proceeding pursuant to 18 U.S.C. § 3190; however, the Court may exercise its discretion to admit the advance copy as well.  *Santos v. Thomas*, 830 F.3d 987, 1007 (9th Cir. 2016) (en banc) ("The extradition court . . . has broad discretion to determine the admissibility of the evidence before it."); *Bovio v. United States*, 989 F.2d 255, 260 (7th Cir. 1993) ("While certification is conclusive proof that documents are admissible, it is not the exclusive means of authentication. Section 3190 does not purport to be the only means by which a document is admissible in extradition proceedings."); *Artukovic v. Rison*, 628 F. Supp. 1370, 1376 (C.D. Cal. 1986), *overruled on other grounds by Lopez-Smith v. Hood*, 121 F.3d 1322 (9th Cir. 1997) ("While [18 U.S.C.] § 3190 makes evidence certified as admissible in our courts, it is not true that the Government may introduce evidence *only* by way of such certification.") (emphasis in original); *In re Extradition of Azizi*, No. 5:14-XR-90282, 2015 WL 1299791, at *6 (N.D. Cal. Mar. 20, 2015) ("Certification under 18 U.S.C. § 3190, however, is not the only means by which documents may be admitted in extradition proceedings.").

If there is any update as to the transmission of the supplement prior to the continued extradition hearing scheduled for December 4, 2019, the government will provide an update to the Court.

Dated:  November 26, 2019

By: */s/ Rebecca A. Haciski*
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs
CHRISTOPHER J. SMITH
Associate Director

AUDREY B. HEMESATH
Assistant U.S. Attorney
HEIKO P. COPPOLA
Assistant U.S. Attorney

4