1    HEATHER E. WILLIAMS, State Bar #122664
Federal Defender
2    BENJAMIN D. GALLOWAY, #214897
Chief Assistant Federal Defender
3    RACHELLE BARBOUR, #185395
Assistant Federal Defender
4    OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
5    Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
6    rachelle.barbour@fd.org

7    Attorneys for Defendant
OMAR ABDULSATTAR AMEEN
8

9                 UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12                                Case No.  2:18-mj-152 EFB

13    IN THE MATTER OF THE          DEFENSE RESPONSE TO UNITED
EXTRADITION OF OMAR          STATES' STATUS REPORT
14    ABDULSATTAR AMEEN TO THE
REPUBLIC OF IRAQ,             Hearing Date: December 4, 2019
15    _____/     Judge:  Hon. Edmund F. Brennan

16        The U.S. Government has just filed the Second Supplemental Information provided by

17    the Government of Iraq.  Its December 2, 2019, Status Report states, "Because the second

18    supplemental information has now been certified in accordance with 18 U.S.C. § 3190, it *must be*

19    *admitted* at the continued extradition hearing *and considered* as part of the Court's probable

20    cause assessment."  (Doc. 240, p. 2 [emphasis added].)

21        The second part of the Extradition Hearing is tomorrow.  The Defense has been prepared

22    to address the first and second extradition packets, but requires time to address and respond to

23    the additional packet filed yesterday.  For months, the Government has told the Court that it

24    could not consider the alleged information from Person 1.  It has also repeatedly stated that the

25    FBI investigation is outside the extradition case.  See Doc. 21, p. 2 (FBI criminal investigation is

26    "not related to the murder" and nothing in the FBI's investigation has "revealed any additional,

27    admissible facts relating to the murder alleged in the extradition request"); Doc. 102, p. 1

28    (criminal investigation is "wholly separate from the extradition proceeding").  In Document 102,

the Government stated, "The United States has a duty to protect the delineation between its own criminal investigation and these extradition proceedings. . . ." Doc. 102, p. 4; see also p. 7 (opposing defense's attempt to "conflate what are two separate and distinct legal matters.")

The new packet has exploded that delineation.[1] The new "incorporation" by the Iraqi court of an FBI report, over 18 months after the warrant went out, is unusual to say the least. The Government attempts to bolster the lone identification by Person 5 by having the Iraqi Court incorporate one aspect of the FBI investigation directly into its records. The Government demands that the supplemental information be considered by the Court. However, the Defense requests time to allow it to research and brief the unusual issues presented by this procedural mechanism.

The Court has always been extremely considerate of the need to provide the Defense an opportunity to address supplemental information from the Government. When the Government earlier indicated its intent to submit the first supplemental packet, the Court told the parties, "[W]hatever is submitted in the way of a supplemental packet, I obviously will allow the defense time to respond to it." (Doc. 171, p. 10, lines 22-24 [May 28, 2019].) When the packet was filed in September, the Court allowed the Defense time to brief it in preparation for this hearing.

The Defense anticipates that the Government will argue that the extradition hearing should proceed tomorrow. The Defense does not make this request lightly. It simply has not had

---

[1] The Court discussed this issue in Document 135, the Order on the Defense Motion to Compel. At the time, it found that the Defense's arguments that the United States was a protagonist of the Iraqi proceeding "serious and unproven." Doc. 135, p. 13. However, "based on the record evidence" before it, the Court could not "conclusively discount it." Id. The usual role of the United States in an extradition is "ministerial": "it merely receive[s] factual information developed by [foreign] authorities." In re Drayer, 190 F.3d 410, 414 (6th Cir. 1999). Recent disclosures by the Government, in the form of the FBI affidavits, provide copious additional evidence in the record that the United States' role here is far from ministerial. For example, the FBI Legal Attaché, first "passed an investigative lead" regarding the Jasim murder and the statements of Persons 1 and 5 to the INSS (Iraqi National Security Service) in April 2018. (Exh. 109; Doc. 208-32, p. 3.) The Attaché then sat in on the April 15, 2018 hearing where Person 5 testified with two other FBI staff members and provided "frequent" assistance to the Iraqi Government in the preparation of the extradition request. Id., p. 4. The timeline shows the primacy of the FBI investigation: Person 1 was interviewed by the FBI in January 2018. Person 5 was interviewed in October 2018. The FBI only passed this onto the Iraqi Government in April 2018, and within a week or two the Iraqi Government had convened a court proceeding.

the opportunity to research or brief the impact of the second supplemental information on this case. It has not even had the opportunity to discuss the second supplemental information with Mr. Ameen and explain to him the new procedural and factual issues that it appears to raise. Due process requires that the defense be given the opportunity to consider and respond to the new information that has now been incorporated into the Iraqi documents. In re Sindona, 450 F.Supp. 672, 685 (S.D.N.Y. 1978)(accused has right to respond to demanding country's documents).

A document that has steadfastly been declared by the Government to be outside this extradition proceeding has now quickly been rolled into it to attempt to support probable cause. The defense respectfully requests that the Court grant it sufficient opportunity to research, investigate, and address it.

DATED: December 3, 2019          Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

/s/ Benjamin D. Galloway
BENJAMIN D. GALLOWAY
Chief Assistant Federal Defender

/s/ Rachelle Barbour
RACHELLE BARBOUR
Assistant Federal Defender
Attorneys for OMAR AMEEN

3