HEATHER E. WILLIAMS, State Bar #122664
Federal Defender
BENJAMIN D. GALLOWAY, #214897
Chief Assistant Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org

Attorneys for Defendant
OMAR ABDULSATTAR AMEEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ, | Case No.  2:18-mj-152 EFB<br><br>DEFENSE RESPONSE TO UNITED STATES' STATUS REPORT (corrected)<br><br>Hearing Date: December 4, 2019<br>Judge:  Hon. Edmund F. Brennan |

The U.S. Government has just filed the Second Supplemental Information provided by the Government of Iraq.  Its December 2, 2019, Status Report states, "Because the second supplemental information has now been certified in accordance with 18 U.S.C. § 3190, it *must be admitted* at the continued extradition hearing *and considered* as part of the Court's probable cause assessment."  (Doc. 240, p. 2 [emphasis added].)

The second part of the Extradition Hearing is tomorrow.  The Defense has been prepared to address the first and second extradition packets, but requires time to address and respond to the additional packet filed yesterday.  For months, the Government has told the Court that it could not consider the alleged information from Person 1.  It has also repeatedly stated that the FBI investigation is outside the extradition case.  See Doc. 21, p. 2 (FBI criminal investigation is "not related to the murder" and nothing in the FBI's investigation has "revealed any additional, admissible facts relating to the murder alleged in the extradition request"); Doc. 102, p. 1 (criminal investigation is "wholly separate from the extradition proceeding").  In Document 102,

1

the Government stated, "The United States has a duty to protect the delineation between its own criminal investigation and these extradition proceedings. . . ." Doc. 102, p. 4; see also p. 7 (opposing defense's attempt to "conflate what are two separate and distinct legal matters.")

The new packet has exploded that delineation.[1] The new "incorporation" by the Iraqi court of an FBI report, over 18 months after the warrant went out, is unusual to say the least. The Government attempts to bolster the lone identification by Person 5 by having the Iraqi Court incorporate one aspect of the FBI investigation directly into its records. The Government demands that the supplemental information be considered by the Court. However, the Defense requests time to allow it to research and brief the unusual issues presented by this procedural mechanism.

The Court has always been extremely considerate of the need to provide the Defense an opportunity to address supplemental information from the Government. When the Government earlier indicated its intent to submit the first supplemental packet, the Court told the parties, "[W]hatever is submitted in the way of a supplemental packet, I obviously will allow the defense time to respond to it." (Doc. 171, p. 10, lines 22-24 [May 28, 2019].) When the packet was filed in September, the Court allowed the Defense time to brief it in preparation for this hearing.

The Defense anticipates that the Government will argue that the extradition hearing should proceed tomorrow. The Defense does not make this request lightly. It simply has not had

---

[1] The Court discussed this issue in Document 135, the Order on the Defense Motion to Compel. At the time, it found that the Defense's arguments that the United States was a protagonist of the Iraqi proceeding "serious and unproven." Doc. 135, p. 13. However, "based on the record evidence" before it, the Court could not "conclusively discount it." Id. The usual role of the United States in an extradition is "ministerial": "it merely receive[s] factual information developed by [foreign] authorities." In re Drayer, 190 F.3d 410, 414 (6th Cir. 1999). Recent disclosures by the Government, in the form of the FBI affidavits, provide copious additional evidence in the record that the United States' role here is far from ministerial. For example, the FBI Legal Attaché, first "passed an investigative lead" regarding the Jasim murder and the statements of Persons 1 and 5 to the INSS (Iraqi National Security Service) in April 2018. (Exh. 109; Doc. 208-32, p. 3.) The Attaché then sat in on the April 15, 2018 hearing where Person 5 testified with two other FBI staff members and provided "frequent" assistance to the Iraqi Government in the preparation of the extradition request. Id., p. 4. The timeline shows the primacy of the FBI investigation: Person 1 was interviewed by the FBI in January 2018. Person 5 was interviewed in October 2017. The FBI only passed this onto the Iraqi Government in April 2018, and within a week or two the Iraqi Government had convened a court proceeding.

1  the opportunity to research or brief the impact of the second supplemental information on this
2  case. It has not even had the opportunity to discuss the second supplemental information with
3  Mr. Ameen and explain to him the new procedural and factual issues that it appears to raise. Due
4  process requires that the defense be given the opportunity to consider and respond to the new
5  information that has now been incorporated into the Iraqi documents. In re Sindona, 450 F.Supp.
6  672, 685 (S.D.N.Y. 1978)(accused has right to respond to demanding country's documents).
7       A document that has steadfastly been declared by the Government to be outside this
8  extradition proceeding has now quickly been rolled into it to attempt to support probable cause.
9  The defense respectfully requests that the Court grant it sufficient opportunity to research,
10 investigate, and address it.

DATED: December 3, 2019                    Respectfully submitted,

                                                  HEATHER E. WILLIAMS
                                                  Federal Defender

                                                  */s/ Benjamin D. Galloway*
                                                  BENJAMIN D. GALLOWAY
                                                  Chief Assistant Federal Defender

                                                  /s/ *Rachelle Barbour*
                                                  RACHELLE BARBOUR
                                                  Assistant Federal Defender
                                                  Attorneys for OMAR AMEEN