McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Associate Director
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO.  2:18-MJ-152 EFB<br><br>Date:  December 4, 2019<br>Time:  10:00 a.m.<br>Hon. Edmund F. Brennan |

UNITED STATES' OPPOSITION TO DEFENSE REQUEST FOR AN ADDITIONAL CONTINUANCE

1

The United States opposes Omar Ameen's request for an additional continuance of the extradition hearing based on the Republic of Iraq's transmission of a second supplement to its extradition request.

The government provided the defense with the content of the FBI interview of Person 1 within days of the initiation of this case, in August 2018. The government gave notice of the possibility that the Republic of Iraq would be transmitting the second supplement on November 26, 2019. CR 235. As indicated in its submission, Iraq elected to transmit the second supplement in response to the Court's inquiry related to the legal status of Person 1's statement. CR 197, Tr. 5.

Countries routinely decide to submit supplements to their extradition requests in order to address issues raised by the defense and/or identified by the extradition court. *Ntakirutimana v. Reno*, 184 F.3d 419, 428 (5th Cir. 1999); *In re Extradition of Valdez-Mainero*, 3 F. Supp. 2d 1112, 1121 (S.D. Cal. 1998); *Howard v. Tillerson*, No. 217CV01977JADGWF, 2018 WL 1073389, at *3 (D. Nev. Feb. 26, 2018); *In re Extradition of Yordanov*, CV 16-170, 2017 WL 216693 (C.D. Cal. 2017); *In re Extradition of Acevedo*, CV 16-1766-R (KS), 2017 WL 3491749 (C.D. Cal. 2017); *In re Extradition of Lanzani*, CV 09-07166-GAF, 2010 WL 625351 (C.D. Cal. 2010); *In re Flores Ortiz*, No. 10–MJ–2016–JMA, 2011 WL 3441618 (S.D. Cal. 2011). Moreover, the defense does not contest that, pursuant to 18 U.S.C. § 3190, the Court must admit the second supplement, but even without that supplement, probable cause that Ameen committed the charged murder is amply established. CR 205.

The defense has already been granted lengthy continuances to allow investigation. The defense has previously investigated, *inter alia*, Ameen's claim of an alibi, Ameen's claim of untoward involvement by TMF-1, and Ameen's claim that the murder did not occur in the manner the witnesses say it did. In so doing, the defense has interviewed individuals who provided evidence included in the original extradition request, including Person 5 and Witnesses A and B, as well as others, including TMF-1, the victim's wife, residents of Rawah, and acquaintances of Ameen in Turkey. Indeed, the scope of the defense investigation in this case is unprecedented in the extradition context. Given that the defense has known about Person 1 from the beginning of this case, Ameen has had ample opportunity to conduct investigation into the evidence Person 1 provides, and may very well have already attempted to speak with him.

The hearing should proceed as scheduled, and the defense can make arguments relevant to the evidence in the second supplement at that time.

Dated:  December 3, 2019

McGREGOR W. SCOTT
United States Attorney

By: */s/ Audrey B. Hemesath*
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

CHRISTOPHER J. SMITH
Associate Director
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs