UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATAR AMEEN TO THE REPUBLIC OF IRAQ | No. 2:18-mj-152-EFB<br><br>ORDER |

The extradition hearing in this case occurred on December 4, 2019. ECF No. 247. The court deferred issuing its decision on certification, however, in order to allow the defense to submit a brief addressing the content of the second supplement to the extradition request (ECF No. 240-1). On January 24, 2020, the defense filed a status report resurrecting an issue that both it (and the court) had previously considered a dead end. ECF No. 255.

The court issued a Letter Rogatory for Ameen's Turkcell phone records on February 5, 2019. ECF No. 47. The Letter Rogatory sought:

> [C]ell phone records for the period of time of May 2014 through August 2014 for [Ameen's cell number], SIM card, and handset. This Court requests that records be obtained that include usage records for this period of time for calls, texting, and data, and for any location data, including cell-site location data.

*Id.* at 2. The defense status report indicates that the letter was translated, notarized, and provided to the Turkish Ministry of Justice on February 21, 2019. ECF No. 255 at 2. The defense never received a response and, at the December 4, 2019 hearing, Ameen's counsel conceded "[W]e've tried to get Mr. Ameen's [phone] records, as the Court knows. We've been unable to get the [Turkcell] records. I think I just have to give up on the Turkish government on this one." ECF

1

No. 253 at 43. On January 23, 2020, the defense received a letter from a Turkish official, routed through the Department of State, indicating that the Turkish government was amenable to providing the Turkcell records. ECF No. 255 at 4; 255-1 at 1 (Translation at 255-2). The Turkish letter was dated to mid-May 2019 and indicated that the request should be channeled through the United States Department of Justice. ECF No. 255-2.

The government has offered, in a response to the status report, an explanation of why the Turkish letter was not timely conveyed to the defense. Suffice it to say, the letter traveled from Office of International Affairs to the Department of State where, according to the government, it was "misfiled" and never transmitted to defense counsel (until January 23, 2020). ECF No. 256 at 2-3. Confoundingly, the government now argues that the court should proceed to decide certification without waiting to see if the Turkcell data can be obtained because the data, no matter what it might show, could not obliterate probable cause. *Id.* at 5. The court cannot, in good conscience, adopt the approach the government suggests. The court thought the Turkcell records worthy of investigation when it issued the Letter Rogatory in February 2019. It has not been given cause to re-think that assessment in the intervening months. Moreover, the delay in this instance is attributable to the government's own bureaucratic mishandling of the Turkish letter. The court declines to penalize the defense for the same.

The defense has requested that the court set a status report date of April 29, 2020 by which time the defense will update the court on its renewed attempts to obtain the records. That request is GRANTED. The government indicated in its response that "[i]n light of the delayed transmission of Turkey's response to defense counsel, the Department of State's Office of American Citizen Services is willing to expeditiously transmit the defense letter rogatory to Turkey through the proper diplomatic channel." *Id.* at 4. Thus, the court directs the government to provide the defense with any assistance it might require in ensuring that the Letter Rogatory is directed to Turkish officials through proper channels.

DATED: January 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2