McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

CHRISTOPHER J. SMITH
Associate Director
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-0000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATTAR AMEEN TO THE REPUBLIC OF IRAQ | CASE NO. 2:18-MJ-152 EFB |

UNITED STATES' RESPONSE TO STATUS REPORT REGARDING TURKCELL RECORDS AND OPPOSITION TO ADMISSION OF POLYGRAPH EXAMINATION

The United States continues to oppose any delay in proceedings, for the reasons previously expressed. CR 32; 256. However, the United States is mindful of the Court's directive to provide assistance in the letters rogatory process, CR 257, and the United States has taken the following steps to facilitate an expeditious response to the defense letter rogatory, to the extent possible. The Office of International Affairs of the Department of Justice has repeatedly inquired with the Department of State as to the status of the letter rogatory, stressing the need to expedite. The Department of State has in turn transmitted the letter rogatory, confirmed that the Government of Turkey received it, and has regularly inquired as to its status.

Separately, regarding the United States' filing relating to TMF-1, CR 264, the defense mistakenly states that TMF-1 has received immigration benefits. The United States indicated nothing about immigration benefits, and in fact TMF-1 has received no such benefits. CR 264. The United States simply disclosed the occurrence of a recent monetary payment by the FBI, necessitated by threats to the life of TMF-1 as a result of media coverage of this case. The United States did not correct the record, for the previous statement regarding benefits to TMF-1 was correct at the time, but rather provided updated information. This updated information has no bearing on the reliability of assistance provided by TMF-1 well beforehand.

Finally, the United States opposes the admission of the polygraph examination. Defense exhibits 158, 159. Evidence of Omar Ameen stating that he did not travel to Rawah and did not commit the murder is inadmissible contradictory evidence. *Santos v. Thomas*, 830 F.3d 987, 992-93 (9th Cir. 2016) ("We have also described 'contradictory" evidence as evidence "the credibility of which could not be assessed without a trial.' In practice, this means that an individual contesting extradition may not, for example, present alibi evidence, facts contradicting the government's proof, or evidence of defenses like insanity, as this tends to call into question the credibility of the government's offer of proof. . . .") (citations omitted). One eyewitness saw Ameen commit the murder; two witnesses present at the murder were told at the time of the crime that Ameen committed the murder; another witness saw Ameen en route to the murder as part of an ISIS caravan; and a fifth witness stated that Ameen was in Rawah at the time of the fall of Rawah. Ameen may not present the results of his polygraph examination, which only contradicts and does not obliterate these overlapping, corroborating eyewitness

accounts in these extradition proceedings. This question of credibility must be reserved for the trial court in Iraq.

Dated: April 30, 2020

McGREGOR W. SCOTT
United States Attorney

By: */s/ Audrey B. Hemesath*
AUDREY B. HEMESATH
HEIKO P. COPPOLA
Assistant United States Attorneys

CHRISTOPHER J. SMITH
Associate Director
REBECCA A. HACISKI
Trial Attorney
Office of International Affairs