UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF OMAR ABDULSATAR AMEEN TO THE REPUBLIC OF IRAQ | No.  2:18-mj-152-EFB <br><br> MEMORANDUM AND ORDER GRANTING THE COUNCIL ON AMERICAN-ISLAMIC RELATIONS'S MOTION TO UNSEAL EXHIBIT 112 |

On April 21, 2021, the court declined to certify Omar Abdulsatar Ameen's extradition to the Republic of Iraq after it found that he had obliterated probable cause that he had committed the murder he was accused of.  ECF No. 298.  After this case was closed, non-party Council on American-Islamic Relations ("CAIR") filed a motion to unseal Exhibit 112, a sealed search warrant upon which the court relied in part in reaching its decision not to certify the extradition of Ameen.  ECF No. 300.  CAIR argues that the press and public have a significant interest in accessing and reviewing this exhibit.  *Id.* at 2.  Ameen has joined CAIR's motion.  ECF No. 302.  The government opposes unsealing Exhibit 112.  ECF No. 301.  After review of the pleadings and, for the reasons stated below, the court will order Exhibit 112 unsealed.

<u>Legal Standards</u>

"Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Publishing Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)).  That right is qualified, however, and may be limited "based on findings that closure

is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co.*, 464 U.S. at 510. Additionally, certain documents, like pre-indictment warrant materials have "traditionally been kept secret for important policy reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). In *Times Mirror Co.*, the U.S. Court of Appeals for the Ninth Circuit identified risks in making pre-indictment warrant materials public. First, the subject of the warrant might flee or destroy evidence before the warrant could be executed. *Times Mirror Co.*, 873 F.2d at 1215. Second, making search warrants public poses a reputational risk to unindicted persons. *Id.* at 1216.

Analysis

There is no longer any compelling reason to keep Exhibit 112 sealed. The risks identified by the Ninth Circuit in *Times Mirror Co.* are inapplicable here. The warrant was executed years ago and there is no risk of flight, destruction of evidence, or any danger to the agents charged with executing the warrant. Nor is there any danger to Ameen's reputation.[1] He was publicly charged with the murder in question by the Republic of Iraq and the extradition proceedings in this case were covered extensively by the press. Additionally, the court is aware that, at the time of this order, Ameen remains detained pending proceedings in immigration court.

In its opposition, the government argues that *Times Mirror Co.* requires that the warrant remain under seal until an indictment is returned. ECF No. 301 at 3. But, as CAIR points out in its reply, *Times Mirror Co.* itself acknowledged that warrant materials are typically unsealed after being served. 873 F.2d at 1214 ("[M]ost search warrant materials routinely become public after the warrant is served."). And other Ninth Circuit cases support the proposition that search warrants are typically unsealed after being served. *See United States v. Bus. of the Custer Battlefield Museum*, 658 F.3d 1188, 1193-1194 (9th Cir. 2011). The government contends that its pre-indictment investigation into Ameen is ongoing. ECF No. 301 at 3. That may be, but it has

---

[1] The court acknowledges that Ameen's wife, Khansaa Rashid Sabri, is also a subject of the warrant. The execution of the warrant was well-covered by the press, however, and the court finds that there can be no compelling argument that releasing the warrant at this stage would further damage Sabri's reputation.

not argued in any concrete or persuasive terms that unsealing this warrant, now three years old, would jeopardize that investigation. Nor has there been any argument, either on the docket or *in camera*, that unsealing this warrant would jeopardize witness safety. Moreover, the court's memorandum declining to certify extradition already discussed several of the witnesses relied upon by the warrant. *See* ECF No. 298 ("The witnesses at issue, referred to as Persons 1, 5, and 7, were first brought to the court's attention in an application for a search warrant of Ameen's apartment and vehicle.").

In reaching this decision, the court does not reject the government's arguments lightly. It understands that criminal investigations are often sensitive and that information contained within a warrant, seemingly mundane, might jeopardize the unseen efforts of law enforcement agents. This case, however, presents a special circumstance. The search warrant was executed years ago and came to play an important role in proceedings that garnered strong public interest. The public, in reading the court's decision declining to certify extradition, should be able to access the evidence that was relied upon.

Accordingly, it is ORDERED that:

1. CAIR's motion to unseal, ECF No. 300, is GRANTED.

2. Exhibit 112 (ECF No. 208-33) is ordered unsealed and the Clerk of Court shall file Exhibit 112 on the public docket.

DATED: November 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE